EDWARD RINGGOLD
8161 Scenic Trails Way
Sacramento, CA 95829
Phone Number: (916) 600-9083
E-Mail:      edwardringgold@gmail.com

Plaintiff, In Pro Per

**FILED**

MAY 18 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

2:22 - CV - 836 - KJM CKD PS

| | |
|---|---|
| EDWARD RINGGOLD, an individual; | Case No.: _____ |
| | **PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:** |
| Plaintiff, | |
| | 1. Wrongful Termination in Violation of Public Policy; |
| Vs. | 2. Violation of the Fair Housing Act; |
| | 3. Violation of the California Fair Employment and Housing Act; |
| | 4. Violation of the Americans with Disabilities Act; |
| BURGETT INC. DBA PIANODISC; KIRK G. BURGETT, an individual; LISA BURGETT, an individual; THOMAS LAGORMASINO, an individual; and DOES 1 to 100, Inclusive. | 5. Disability Discrimination (Gov. Code §12940(a)); |
| | 6. Disability Harassment (Gov. Code §12940(j) and (k)); |
| | 7. Failure to Accommodate (Gov. Code §12940(m)); |
| Defendants. | 8. Failure to Engage in Interactive Process (Gov. Code §12940(n)); |
| | 9. Retaliation in Violation of the Fair Employment & Housing Act (Gov. Code §12940(h)); |
| | 10. Failure to Prevent, Investigate, and/or Remedy Unlawful Harassment, Discrimination and Retaliation (Gov. Code §12940(j) & (k)); |
| | 11. Retaliation in Violation of Public Policy and Labor Code Section 1102.5; |
| | 12. Failure to Maintain and Furnish Accurate Wage Statements in Violation of California Labor Code Sections 226, 1174, and IWC Wage orders; |
| | 13. Intentional Inflictions of Emotional Distress; |
| | 14. Unfair Business Practices; and |
| | 15. Declaratory Relief |

-1-

PLAINTIFF'S COMPLAINT FOR DAMAGES

)
)
)   **DEMAND FOR JURY TRIAL**
)
)

COMES NOW Plaintiff EDWARD RINGGOLD (hereinafter "Plaintiff") and alleges and complains against Defendants BURGETT INC. DBA PIANODISC, KIRK G. BURGETT, LISA BURGETT, and THOMAS LAGORMASINO (hereinafter collectively referred to as "Defendants") and DOES 1 to 100, Inclusive as follows:

## I. JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question). The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiff's state law claims.  Plaintiff's state law claims are related to Plaintiff's federal claims and arise out of a common set of related facts, such that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue lies in the Eastern District of California pursuant to 28 U.S.C. § 1391(b)(2) because all of the unlawful conduct that gives rise to these claims occurred in the Eastern District of California.

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

3.      Plaintiff timely filed charges with the United States Equal Employment Opportunity Commission, which were cross-filed with the California Department of Fair Employment and Housing.

4.      Plaintiff has timely filed this action and has complied with all administrative prerequisites to bring this lawsuit.

## III. PARTIES

5.      Plaintiff, EDWARD RINGGOLD was at all relevant times hereto an employee of Defendants, BURGETT INC. DBA PIANODISC. Plaintiff started his employment with the

-2-

PLAINTIFF'S COMPLAINT FOR DAMAGES

Defendants, being in or about March 26, 2010, as a Chief Financial Officer/Controller/Human Resources.

6.     During his employment at Defendants, Plaintiff performed his duties in an exemplary and timely manner. Plaintiff was ultimately terminated on or about November 20, 2020.

7.     Plaintiff is informed and believes and thereon alleges that Defendant, BURGETT INC. DBA PIANODISC, is and at all times mentioned in this complaint authorized to operate by the State of California and authorized and qualified to do business in the state of California.

8.     Plaintiff is informed and believes and thereon alleges that Defendant KIRK G. BURGETT is and at all times mentioned in this Complaint was an individual residing in the state of California. Plaintiff is further informed and believes and thereon alleges that Defendant KIRK G. BURGETT is and at all times mentioned in this Complaint was an Owner of Defendant BURGETT INC. DBA PIANODISC.

9.     Plaintiff is informed and believes and thereon alleges that Defendant LISA BURGETT is and at all times mentioned in this Complaint was an individual residing in the state of California. Plaintiff is further informed and believes and thereon alleges that Defendant LISA BURGETT is and at all times mentioned in this Complaint was a Co-Owner of Defendant BURGETT INC. DBA PIANODISC.

10.    Plaintiff is informed and believes and thereon alleges that Defendant THOMAS LAGORMASINO is and at all times mentioned in this Complaint was an individual residing in the state of California. Plaintiff is further informed and believes and thereon alleges that Defendant THOMAS LAGORMASINO is and at all times mentioned in this Complaint was an Owner of Defendant BURGETT INC. DBA PIANODISC.

## IV. DOE DEFENDANTS, AGENTS AND RATIFICATION

11.    The true names or capacities, whether individual, associate or otherwise, of Doe Defendants 1-100, inclusive, are unknown to Plaintiff and, therefore, Plaintiffs sue these Doe Defendants by such fictitious names.  Plaintiff will seek leave of this Court to amend this

-3-

Complaint to allege such names and capacities as soon as they are ascertained. Plaintiff are informed and believes and thereon alleges that each of these fictitiously named Defendants is responsible in some manner for the occurrences alleged herein, and that Plaintiff's injuries and damages as alleged and set forth herein were proximately caused by such fictitiously named Defendants.

12.     Each of the individual Defendants is sued individually and in his or her capacity as an agent, representative, manager, supervisor, independent contractor and/or employee of Corporate Defendants.

13.     Plaintiff is informed and believes and thereon alleges that at all times relevant herein, each and every Defendants, including the Doe Defendants, acted in concert and in furtherance of each other's interest. The acts of the individually named Defendants, as described herein, were known to and ratified by all Defendants. The acts and conduct of each and every Defendant, as described herein, which were intentional and/or harassing and/or were not a normal part of Plaintiff's employment and were not the result of a legitimate business necessity.

14.     Plaintiff is informed and believes and thereon alleges that at all times relevant herein, each and every act complained of herein was engaged in or ratified by an officer, director or managing agent of each corporate Defendant and was done with malice, oppression or fraud.

## V. ALLEGATIONS COMMON TO ALL CAUSES OF ACTIONS

15.     Plaintiff began his employment with Defendants on or about March 26, 2010 as a Chief Financial Officer/Controller/Human Resource. Throughout his employment, Plaintiff was a loyal and hard-working employee.

16.     On or around June 15, 2020, Plaintiff provided Defendants a letter from his medical provider in which provided restrictions for Plaintiff not work in an in-office setting and work from home due to the COVID California State mandate order and his medical conditions of Multiple Sclerosis (hereinafter "MS"). In direct retaliation to his request for accommodation to his disability, Defendants reduced Plaintiff's salary by fifty percent (50%) and they began to ostracize

-4-

PLAINTIFF'S COMPLAINT FOR DAMAGES

him due to this need for an accommodation.

17.    In or around July 2020, Plaintiff informed Defendants of illegal activities that he believed was taking place within Defendants' business operations, such as tax fraud, Small Business Administration fraud, Secretary of State fraud, among others. Immediately after the complaint, Plaintiff began to experience a hostile work environment and discrimination from Defendants. Plaintiff filed an EEOC complaint and requested for an internal investigation regarding the harassment and discrimination he was suffering from Defendants. The EEOC charge was submitted to Defendants on or about November 5, 2020, and in direct retaliation Defendants wrongfully terminated Plaintiff's employment on November 20, 2020.

## CAUSES OF ACTIONS

### FIRST CAUSE OF ACTION

(Wrongful Termination in violation of Public Policy – Against All Corporate Defendants and DOES 1 through100, inclusive)

18.    The allegations set forth in Paragraphs 1 through 17 are re-alleged and incorporated herein by reference.

19.    Plaintiff's employment was wrongfully terminated in violation of fundamental public policies of the State of California, including, without limitation, the right to oppose, complain about or object to Defendants' failure to accommodates and disability based discrimination and harassment; and local, municipal, state and federal law violations, and other forms of violations of State and Federal law as well as those fundamental public policies prohibiting termination based on an employee's right to compensation for hours worked. Specifically, Defendants, and each of them, violated without limitation:

   a.   California Government Code Section 12940, et seq.;

   b.   Americans with Disabilities Act;

   c.   California Labor Code Sections, 1102.5; and

   d.   California Business & Professions Code Section 17200, et seq.

-5-

20.     These fundamental public policies inure to the benefit of the public, and not just the private interests of the employer and employee.

21.     The above acts by Defendants were wrongful and in violation of the fundamental principles of the public policy of the State of California as reflected in its laws, objectives and policies.  Said laws, which establish these fundamental public policies include, without limitation:

    a.   California Government Code Section 12940 (a), (h), (j), (k), (m), (n);

    b.   Americans with Disabilities Act;

    c.   California Labor Code Sections 1102.5; and

    d.   California Business & Professions Code Section 17200, et seq. and all other statutes, which the evidence proves, were violated.

22.     Plaintiff was wrongfully terminated by Defendants because of their failure to provide Plaintiff with a safe working environment and after Plaintiff reported his actual/perceived disability, Defendants wrongfully terminated Plaintiff after he complained about what Plaintiff reasonably believed in good faith and suspected was in fact illegal conduct that harmed Plaintiff as well as the public. In violating California's Labor Code's prohibitions against wrongfully terminating and discriminating against an employee based upon that employee's complaints to his employer concerning the employer's illegal business practices, Defendants' wrongful termination of Plaintiff was in violation of fundamental public policies for the benefit of the public. Specifically, the public policy behind those statutes was the prevention of retaliation against and termination of an employee who has complained to his employer about its illegal business practices including disability discrimination, disability harassment, others.

23.     Plaintiff's complaints to Defendants concerning their illegal business practices, and his refusal to participate in Defendants' illegal schemes was a motivating and substantial factor in Defendants' retaliation against his and wrongful termination of his employment.

24.     The acts complained of herein were engaged in or ratified by an officer, director or managing agent of each corporate Defendant and was done with malice, oppression or fraud.

-6-

25.    As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code § 3287 and/or any other provision of law providing for pre-judgment interest.

26.    As a result of the aforesaid acts of Defendants, Plaintiff claims damages for emotional distress, general anxiety, grief, shame, humiliation, embarrassment, anger, disappointment and worry, all to his damage, at a minimum, in excess of the maximum jurisdiction of the municipal court.

27.    As a further direct and proximate result of the wrongful conduct of Defendants, Plaintiff has suffered general damages, losses in earnings, bonuses, deferred compensation, employment benefits, earning capacity, opportunities for advancement, work experience, and out-of-pocket expenses and consequential damages, with all of his damage in excess of the minimum subject matter jurisdiction of this Court and according to proof.

## SECOND CAUSE OF ACTION

(Violation of the Fair Housing Act – Against All Corporate Defendants and DOES 1 through100, inclusive)

28.    Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 27, inclusive, as though fully set forth herein.

29.    Defendants injured Plaintiff, in violation of 42 USC §3604, subdivisions (f)(2) and (f)(3)(b), by discriminating against him by refusing to make reasonable accommodations in the rules, policies, practices or services, when such accommodations may be necessary to afford such person equal opportunity to use.

30.    As a proximate result, Plaintiff has been damaged as set forth above, and continues to suffer damages. Defendants were callously indifferent or recklessly indifferent to Plaintiff's federally protected rights.  Therefore, Plaintiff is entitled not only to actual damages but also to punitive damages pursuant to 42 U.S.C. § 3613(c)(1).

31.    Plaintiff is entitled to recover his reasonable attorney's fees and costs of suit in this action, pursuant to 42 U.S.C. § 3613(c)(2).

## THIRD CAUSE OF ACTION

(Violation of the California Fair Employment and Housing Act – Against All Corporate Defendants and DOES 1 through 100, inclusive)

32.    Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 31, inclusive, as though fully set forth herein.

33.    Defendants have injured Plaintiff in violation of the California Fair Employment and Housing Act by their refusal to make reasonable accommodations in rules, policies, practices, or services when these accommodations may be necessary to afford a disabled person equal opportunity to use.

34.    Defendants violated California Government Code section 12955(f) by discriminating against Plaintiff in the rental of housing accommodations in retaliation for Plaintiff filing a complaint against Defendants.

35.    Defendants violated California Government Code section 12955.7 by wrongfully terminating his employment in retaliation for Plaintiff filing a complaint against Defendants.

36.    As a proximate result of Defendants' conduct, Plaintiff has been damaged as set forth herein and continues to suffer damages.  Because of Defendants' knowledge that Plaintiff was in need of a reasonable accommodation, and because Plaintiff's filing of the EEOC complaint, Plaintiff is entitled to punitive damages pursuant to California Civil Code § 3294.

37.    Plaintiff is further entitled to recover his attorney's fees, costs and expert witness fees against Defendant.

## FOURTH CAUSE OF ACTION

(Violation of the Americans with Disabilities – Against All Corporate Defendants and DOES 1 through100, inclusive)

38.    Plaintiff restates and incorporates by reference each and every allegation contained

-8-

in paragraphs 1 through 37, inclusive, as though fully set forth herein.

39.     42 USC § 12132 provides as follows:

Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

40.     Defendants regulations at 28 CFR 35.134 implementing the ADA make it unlawful to discriminate against any person because that individual has opposed any act or practice made unlawful under the law, or because that person has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under the law.

41.     As a proximate result of Defendants' conduct, Plaintiff has been damaged as set forth herein and continues to suffer damages.

42.     Plaintiff is further entitled to recover his attorney's fees, litigation expenses including expert witness fees, and costs against Defendants pursuant to 42 U.S.C. § 12205.

**FIFTH CAUSE OF ACTION**

(Disability Discrimination (Gov. Code §12940(a)) – Against All Corporate Defendants and DOES 1 through 100, inclusive)

43.     Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 42, inclusive, as though fully set forth herein.

44.     Defendants and DOES 1 through 100, inclusive, are entities and/or employers governed by Government Code section 12940, et seq.

45.     At all relevant times, Plaintiff was an employee with actual/perceived disabilities and/or a medical condition that limited a major life and/or work activity as described herein.

46.     Despite his actual/perceived disabilities and/or medical condition, Plaintiff was able to perform the essential functions of his job with or without reasonable accommodations.

47.    Defendants, and each of them, knew of Plaintiff's actual/perceived disabilities/medical condition and knew or should have known that they fell within the definition of disability under Government Code section 12926. Defendants further knew or should have known that despite his actual/perceived disabilities/medical condition, Plaintiff could perform the essential functions of his job with or without reasonable accommodations.

48.    Despite their knowledge of the foregoing, Defendants took adverse action against Plaintiff, including failing to accommodate Plaintiff's actual/perceived disabilities/medical condition and thereafter wrongfully terminating his employment because of his disabilities/medical condition or the effects thereof.

49.    In engaging in the foregoing conduct, Defendants aided, abetted, incited, participated in, coerced and/or compelled unlawful employment practices in violation of California's Fair Employment and Housing Act.

50.    As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial.  Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

51.    As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

52.    The above-described acts of Defendants, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and Plaintiff's rights.  Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294. Plaintiff requests an assessment of punitive damages against Defendants, in an amount to be proven at time of trial.

53.    Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under Government Code section 12940, et seq.

-10-

## SIXTH CAUSE OF ACTION

(Disability Harassment (Gov. Code §12940(j) and (k) – Against All Corporate Defendants and DOES 1 through 100, inclusive)

54.    Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 53, inclusive, as though fully set forth herein.

55.    The above-described actions by Defendants, and DOES 1 through 100, inclusive, and/or their agents/employees, constitute unlawful disability-based harassment in violation of the California Fair Employment and Housing Act, codified in Government Code section 12940(j) & (k).

56.    This conduct was so severe or pervasive as to alter the conditions of the working environment and create a hostile and abusive environment. Further, such conduct was unwanted, unwelcome and offensive to Plaintiff, and would have been offensive to a reasonable person with Plaintiff's actual/perceived disabilities/medical condition.

57.    Defendants and DOES 1 through 100, inclusive, subjected Plaintiff to an on-going pattern of unwanted and offensive harassment as detailed above.

58.    The conduct, statements, acts and omissions described herein were an ongoing part of a continuing scheme and course of conduct. Owners, directors, officers and managing agents of Defendants and DOES 1 through 100, inclusive, participated in and/or knew the substance of the above-described facts and circumstances and ratified the wrongs and injuries mentioned herein by failing to investigate, prevent and/or remedy the wrongs.

59.    By failing to take all reasonable steps to prevent the disability-based harassment from occurring, Defendants, and each of them, committed unlawful employment practices as described and prohibited in California Government Code section 12940, et. seq.

60.     In engaging in the aforementioned conduct, Defendants, and each of them, aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the announced policy of this State against such practices.

61.     Defendants and DOES 1 through 100, knew or should have known of the individual Defendant's harassment of Plaintiff, yet failed to take appropriate and timely corrective and preventative action in that regard.

62.     The foregoing conduct engaged in by Defendants; and DOES 1 through 100, and each of their directors, officers and/or managing agents, constitutes malice, fraud and oppression and was carried on with a conscious and willful disregard of Plaintiff's right to work in an environment free of disability-based harassment so as to entitle Plaintiff to punitive damages to punish and set an example of said Defendants.

63.     As a direct and foreseeable result of the aforesaid acts and/or omissions of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

64.     As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

65.     Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under California Government Code section 12940, et seq.

## SEVENTH CAUSE OF ACTION

(Failure to Accommodate, under Gov. Code §12940(m) – Against All Corporate Defendants and DOES 1 through 100, inclusive)

66.     Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 65, inclusive, as though fully set forth herein.

-12-

67. Defendants and DOES 1 through 100, are entities and/or employers governed by Government Code section 12940, et seq.

68. At all relevant times, Plaintiff was an employee with actual/perceived disabilities and/or a medical condition that limited a major life and/or activity as described herein.

69. Despite his actual/perceived disabilities/medical condition, Plaintiff was able to perform the essential functions of his job with or without reasonable accommodations.

70. Defendants, and each of them, knew of Plaintiff's disabilities/medical condition and knew or should have known that they fell within the definition of disability under Government Code section 12926. Defendants further knew or should have known that despite his disabilities/medical conditions, Plaintiff could perform the essential functions of his job with or without reasonable accommodations.

71. Despite their knowledge of the foregoing, Defendants failed to accommodate Plaintiff's disabilities/medical condition by, *inter alia* and not by way of limitation, wrongfully terminating Plaintiff's employment after he attempted to return to work after a sick leave to test for COVID-19.

72. In engaging in the foregoing conduct, Defendants aided, abetted, incited, participated in, coerced and/or compelled unlawful employment practices in violation of California's Fair Employment and Housing Act.

73. As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

74. As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

75. The above-described acts of Defendants, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional

-13-

manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and Plaintiff's rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294. Plaintiff requests an assessment of punitive damages against Defendants, in an amount to be proven at time of trial.

76.   Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under Government Code section 12940, et seq.

### EIGHTH CAUSE OF ACTION

(Failure to Engage in Interactive Process, under Gov. Code §12940(n) – Against All Corporate Defendants and DOES 1 through 100, inclusive)

77.   Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 76, inclusive, as though fully set forth herein.

78.   Defendants and DOES 1 through 100; are entities and/or employers governed by Government Code section 12940, et seq.

79.   At all relevant times, Plaintiff was an employee with actual/perceived disabilities and/or a medical condition that limited a major life and/or work activity as described herein.

80.   Despite his actual/perceived disabilities/medical condition, Plaintiff was able to perform the essential functions of his job with or without reasonable accommodations.

81.   Defendants, and each of them, knew of Plaintiff's actual/perceived disabilities/medical condition and knew or should have known that they fell within the definition of disability under Government Code section 12926. Defendants further knew or should have known that despite his actual/perceived disabilities/medical condition, Plaintiff could perform the essential functions of his job with or without reasonable accommodations.

82.   Defendants also knew, or should have known, of the need to accommodate Plaintiff's actual/perceived disabilities, including the need to engage in the interactive process to determine how to achieve a reasonable accommodation for Plaintiff. However, Defendants failed

-14-

and refused to engage in the interactive process with Plaintiff, despite Plaintiff's specific request(s) for consideration of accommodations.

83.     Instead of engaging in the interactive process, Defendants took adverse action against Plaintiff, including the failure to accommodate his actual/perceived disabilities/medical condition, harassing Plaintiff because of his actual/perceived disability/medical condition, and wrongfully terminating his employment because of his actual/perceived disabilities.

84.     In engaging in the foregoing conduct, Defendants aided, abetted, incited, participated in, coerced and/or compelled unlawful employment practices in violation of California's Fair Employment and Housing Act.

85.     As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

86.     As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

87.     The above-described acts of Defendants, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and Plaintiff's rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294. Plaintiff requests an assessment of punitive damages against Defendants, in an amount to be proven at time of trial.

88.     Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under Government Code section 12940, et seq.

///

///

///

PLAINTIFF'S COMPLAINT FOR DAMAGES

### NINTH CAUSE OF ACTION

(Retaliation in Violation of the Fair Employment & Housing Act (Gov. Code §12940(h)) –

Against All Corporate Defendants and DOES 1 through 100, inclusive)

89.     Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 88, inclusive, as though fully set forth herein.

90.     Defendants and DOES 1 through 100, and/or their agents/employees, are entities or individuals subject to suit under the California Fair Employment and Housing Act, Government Code §12940, et seq.

91.     During his employment by Defendants, Plaintiff engaged in legally protected activity by: (a) reporting and/or opposing actual/perceived disability-based harassment; (b) reporting and/or opposing retaliation for having reported disability-based harassment; and (c) seeking reasonable accommodations.

92.     After Plaintiff engaged in the foregoing described protected activity, he was subjected to adverse employment actions as described above, including the wrongful termination of his employment.

93.     The foregoing described adverse employment actions were taken in part or in whole because of Plaintiff's legally protected activity.

94.     In engaging in the aforementioned conduct, Defendants, and each of them, aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the announced policy of this State against such practices.

95.     As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

96.     As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

-16-

97.     The above-described acts of Defendants, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and Plaintiff's rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294.

98.     Plaintiff requests an assessment of punitive damages against Defendants, in an amount to be proven at time of trial.

99.     Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under California Government Code section 12940, et seq.

## TENTH CAUSE OF ACTION

(Failure to Prevent, Investigate, and/or Remedy Unlawful Harassment, Discrimination and Retaliation (Gov. Code §12940(j) & (k)) – Against All Corporate Defendants and DOES 1 through 100, inclusive)

100.     Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 99, inclusive, as though fully set forth herein.

101.     Defendants and DOES 1 through 100, and/or their agents/employees, failed to take all reasonable steps necessary to prevent discrimination, harassment and retaliation in employment from occurring. Further, said Defendants knew or should have known of the discrimination, harassment and retaliation against Plaintiff described above, yet failed to conduct an adequate investigation into the nature and substance of the discrimination/harassment/retaliation and failed to take immediate and appropriate corrective action so as to discipline any of the offenders.

102.     The response of Defendants, and/or their agents/employees, to that knowledge was so inadequate as to establish a deliberate indifference to, or tacit authorization of, the alleged offensive practices, and an affirmative causal link existed between Defendants' inaction and the injuries suffered by Plaintiff.

-17-

103.   By failing to take all reasonable steps necessary to prevent discrimination, harassment and retaliation, and by failing to properly investigate and remedy the discrimination, harassment and retaliation that occurred, Defendants committed unlawful employment practices as described and prohibited in Government Code section 12940(k).

104.   In engaging in the aforementioned conduct, Defendants, and each of them, aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the announced policy of this State against such practices.

105.   As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

106.   As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

107.   The above-described acts of Defendants, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and Plaintiff's rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294. Plaintiff requests an assessment of punitive damages against Defendants, in an amount to be proven at time of trial.

108.   Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under Government Code section 12940, et seq.

## ELEVENTH CAUSE OF ACTION

(Retaliation in Violation of Public Policy and Labor Code § 1102.5 – Against All Corporate Defendants and DOES 1 through 100, inclusive)

109.   Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 108, inclusive, as though fully set forth herein.

-18-

110.     Plaintiff's employment was wrongfully terminated in violation of fundamental public policies of the State of California, including, without limitation, the right to object to, oppose, and/or report violations of the law, wages being withheld improperly and/or retaliation. These fundamental public policies inure to the benefit of the public, and not just to the private interests of the employer and employee.

111.     Defendants wrongfully retaliated against the Plaintiff by wrongfully terminating him despite his successful performance for the Defendants, shortly after Plaintiff requested accommodations for his injury.

112.     Pursuant to Labor Code Section 1102.5(b):

> b) "An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

113.     As set forth above, said actions by Defendants were wrongful and in violation of the fundamental principles of the public policy of the State of California as reflected in its laws, objectives, and policies. California law prohibits discharging or otherwise retaliating against an employee because he reported his disability and need for accommodations. These prohibitions are well-established under the statutory, regulatory, and decisional laws of California, including, without limitation, Business & Profession Code § 17200 and Labor Code § 1102.5.

114.     As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

115.    The above-described acts of Defendants, by and through their managing agents, officers, or directors, were engaged in with a deliberate, cold, callous, fraudulent, and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and Plaintiff's rights. Such acts were despicable, and constitute malice, fraud, and/or oppression within the meaning of Civil Code section 3294. Plaintiff requests an assessment of punitive damages against Defendants, in an amount to be proven at the time of trial.

## TWELFTH CAUSE OF ACTION

(Failure to Maintain and Furnish Accurate Wage Statement in Violation of California *Labor Code* sections 226, 1174 and IWC Wage Orders – Against All Corporate Defendants and DOES 1 through 100, Inclusive)

116.    The allegations set forth in paragraphs 1 through 115 of this Complaint are re-alleged and incorporated herein by reference.

117.    Labor Code § 1174(d) and Section 7 of Wage Order 1-2001 required Defendants to create and maintain accurate payroll records including, among other items, the "hours worked daily" and "the wages paid to" Plaintiff. Labor Code §§ 204 and 226(a) further required that Defendants pay all earned wages no less frequently than twice per month and to provide accurate, itemized pay statements containing specified categories of payroll information.

118.    California Labor Code § 226(d) provides:
> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

119.    Defendants failed to accurately account for Plaintiff's wages and hours worked, including hours worked.

120.    Defendants knowingly and intentionally failed to maintain the required information, failed to accurately list the wages to which Plaintiff was entitled, including, but not

-20-

limited to, penalty wages for failed to pay the wages earned by Plaintiff at least semi-monthly, and failed to issue the accurate itemized pay statements required by Labor Code § 226(a).

121.    Plaintiff was injured by Defendants' failure to maintain accurate payroll records because he was not compensated for the time he worked. He was not paid wages for his labor and is thus entitled to recover an amount to be proved at trial, of not less than his actual damages or the penalties provided by the Labor Code and IWC Order 5-2001.

122.    Plaintiff has incurred and will continue to incur attorneys' fees and costs in the prosecution of this action. Plaintiff seeks attorneys' fees, costs of suit, and all other penalties and remedies authorized by law, including, §§ 226(e), 226.3, and 558.

## THIRTEENTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress – Against All Named Defendants and DOES 1 through 100, inclusive)

123.    Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 122, inclusive, as though fully set forth herein.

124.    Because of the intentional and outrageous conduct of Defendants, and each of them, as described hereinabove, and as a legal result thereof, Plaintiff sustained severe emotional distress and mental suffering, all of which has caused, continues to cause, and will cause him great physical and mental pain and suffering, all to his damage in an amount as yet unascertained, but subject to proof.  These damages have physically manifested in the form of physical illness, loss of sleep, anxiety, depression, headaches and other physical symptoms.  Accordingly, Plaintiff will seek prejudgment interest, pursuant to the provisions of California Civil Code.

125.    The outrageous conduct of Defendants, and each of them, was intended to injure Plaintiff and to cause Plaintiff to suffer emotional distress. The unlawful, malicious and oppressive actions of Defendants agents were ratified and approved by the remaining Defendants, and each of them.

126.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

-21-

mentioned, as more fully set forth hereinabove, during which Defendants, and each of them, were engaged in those acts and omissions alleged, they intentionally acted with malice, oppression and fraud toward Plaintiff, and with a conscious disregard for Plaintiff's rights, and business, financial and personal interests, all thereby causing Plaintiff extreme emotional distress, anxiety, worry and financial loss, all in an amount as yet not fully ascertained, but subject to proof at trial.

127. Defendants' conduct, as alleged herein, was outrageous and done with a conscious disregard of Plaintiff's rights and with the intent to vex, injure or annoy Plaintiff.

128. Each and every act complained of herein was engaged in or ratified by an officer, director or managing agent of each corporate Defendant and was done with malice, oppression or fraud.

## **FOURTEENTH CAUSE OF ACTION**

(Unfair Business Practices – Against All Named Defendants and DOES 1 through 100, inclusive)

129. Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 128, inclusive, as though fully set forth herein.

130. California's Unfair Competition Law, Business & Professions Code Section 17200 et seq. ("UCL"), prohibits acts of unfair competition, which means and includes any "fraudulent business act or practice . . ." and conduct, which is "likely to deceive" and is "fraudulent" within the meaning of Section 17200.

131. Defendants' violations of the labor statutes, outlined in the preceding causes of action or hereinafter, were unfair and/or unlawful and/or fraudulent and thus constitute unlawful business practices prohibited by Business & Professional Code §§ 17200 et seq. By means of these practices, Defendants gained an unfair competitive advantage with respect to other competing companies in California which adhered to lawful norms of business conduct.

132. An employer who practices unlawful terminations, retaliations and unsafe work conditions, or other such practices which result in it realizing a significant savings in money and

-22-

cost and/or an unfair competitive advantage based on misrepresentations, has an unfair competitive advantage over employers who are similarly situated and comply with the laws. Further, the UCL's remedies are cumulative to other remiss available to Plaintiff (Bus. & Prof. Code § 17205.) Therefore, injunctive relief under the UCL is an appropriate remedy where a business has engaged and tried to follow ethical rules of conduct and reported violations of the law to the employer.

133.     The victims of these unfair, fraudulent and/or illegal business practices, include, but are not limited to Plaintiff and other employees, competing companies and similar franchises in the State of California, and the general public.  Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, performed the above-mentioned acts with the intent of gaining an unfair competitive advantage and thereby injuring Plaintiff directly, employees, other competitors, and the general public.

134.     While an employer's policy or practice that violates the Labor Code may also be held an "unlawful business practice" under the unfair competition law, where an employer's policy is lawful and permissible, there is no basis for relief under the unfair competition law. *Steinhebel v. Los Angeles Times Communications* (App. 2 Dist. 2005) 24 Cal. Rapture.3d 351, 126 Cal.App.4th 696, review denied.

135.     The acts constitute continuing and ongoing unlawful activities prohibited by Bus. & Prof. Code §§ 17000 et seq. and 17200 et seq., and justify the issuance of an injunction, and all remedies pursuant to Bus. & Prof. Code §§ 17203 and 17205.

## FIFTEENTH CAUSE OF ACTION

(Declaratory Relief – Against All Named Defendants and DOES 1 through 100, inclusive)

136.     The allegations set forth in paragraphs 1 through 135, of this Complaint are re-alleged and incorporated herein by reference.

137.     Cal. Gov. Code §12920 sets forth, in part, that "the public policy of [the State of California includes] that it is necessary to protect and safeguard the right and opportunity of all persons to seek [and] obtain ... employment without discrimination or abridgement on account of

-23-

physical [or] mental disability [and] medical condition …. "

138.     Cal. Gov. Code §12920.5 states, in part, that "[i]n order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons."

139.     As described herein, an actual controversy has arisen and now exists between Plaintiff and Defendants as Plaintiff understands and believes Defendants have and will allege that the termination of his employment with them was based on non-discriminatory, legitimate reasons and also that Plaintiff's disability or medical condition and need for accommodation were not substantial motivating factors for their decision and decisions to wrongfully terminate him; however, and as set forth herein, Plaintiff contends that the reasons as provided by Defendants were a pretext to mask the truth that the bases of their wrongful termination of him were illegal and discriminatory and based on his Disability.

140.     Because of such controversy Plaintiff believes it is appropriate and necessary and thereby requests a judicial determination and declaration that his disability or medical conditions, gender, and need for family leave were substantial motivating factors in the decision of Defendants to wrongfully terminate Plaintiff's employment.

141.     Plaintiff also believes a judicial declaration is appropriate and necessary at this time so that Plaintiff, on behalf of herself and other employees in the State of California and in conformity with the public policy of the State, may obtain a judicial declaration of the wrongdoing of Defendants and to condemn such discriminatory employment policies or practices as alleged herein pursuant to *Harris v. City of Santa Monica* (2013) 56 Cal. 4th 203.

142.     Plaintiff also believes a judicial declaration is appropriate and necessary at this time to ensure that Defendants be made aware of their obligations under the law to not engage in discriminatory practices and violate the law, as alleged herein, and also because the acts and omissions of the Defendants have caused irreparable harm to Plaintiff, and will continue to cause irreparable harm to other similarly situated employees, unless the complained-of-conduct is

-24-

PLAINTIFF'S COMPLAINT FOR DAMAGES

enjoined, and then with no other immediate, adequate or speedy remedy at law to redress the continuing retaliatory policies and practices of Defendants, Plaintiff thereby seeks affirmative and injunctive relief as follows:

a) For an injunction restraining Defendants from continuing or maintaining any policy, practice, custom or usage which is discriminatory and harassing in nature against any employee and which would be in contravention of the FEHA;

b) for an injunction restraining Defendants, along with their or its officers, managers, supervising employees, agents, and all those subject to their or its control or acting in concert with them, from causing, encouraging, condoning or permitting the practice of discrimination and harassment of any employee and which would be in contravention of the FEHA;

c) for affirmative relief requiring Defendants to conduct the training of all their or its officers, managers, supervising employees and any others so situated so as to "sensitize" them to the harmful nature of discriminating and harassing employees as alleged herein.  The proposed plan of education and training should also include training for the prevention and detection of discrimination as well as for processes of investigating and correcting any such discriminatory or retaliatory practices;

d) for affirmative relief requiring Defendants, to notify all their or its officers, managers, supervising employees and employees through individual letters and permanent postings in prominent locations in all offices that discrimination and harassment of employees as alleged herein (1) violates the FEHA and (2) the consequences of the violation of such laws and policies;

e) for affirmative relief requiring Defendants, to develop clear and effective policies and procedures for the maintenance of the process of responding to employees who request assistance with work-related injuries so that there are no

-25-

discriminatory or harassing acts in violation of the FEHA as alleged herein; and,

    f)   for affirmative relief requiring Defendants, and each of them, to develop appropriate sanctions or disciplinary measures for officers, managers, supervisory employees or other employees who are found to have committed discriminatory and harassing acts as alleged herein, including warnings to the offending person and notations in that person's employment record for reference in the event future complaints are directed against that person, and then dismissal as well where other such measures have failed to prevent such actions by the offending person.

143.    Cal. Gov. Code §12965(b) provides that an aggrieved party, such as the Plaintiff herein, may be awarded its or their reasonable attorney's fees and costs of suit where it states: "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party … reasonable attorney's fees and costs … ." The purpose of awarding such fees and costs as expended or incurred by an aggrieved party is to redress, prevent, and deter discrimination of the sort complained herein and based thereon, Plaintiff requests that the Court award his attorney's fees and costs he incurred in connection herewith.

141.    A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain his rights and duties.

## VI. **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury.

## VII. **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff EDWARD RINGGOLD pray for judgment against Defendants, and DOES 1-100 as follows:

1.    For back pay, front pay, and other special damages according to proof;

2.    For damages, including, but not limited to, all economic and non-economic

PLAINTIFF'S COMPLAINT FOR DAMAGES

damages, and damages pursuant to Gov't Code Sections 12940, et seq.;

3.      For punitive damages, where allowed by law;

4.      For a declaration of rights;

5.      For pre-judgment and post-judgment interest on all damages awarded;

6.      For all statutory penalties pursuant to Labor Code 1102.5;

7.      For reasonable attorney's fees as allowed by law or contract;

8.      For reasonable attorneys' fees, expert witness fees and costs of suit, as permitted by statute; and

9.      For costs of suit incurred; and

10.      For such other and further relief as the Court may deem just and proper.

Date:   5-18-2022

By: _____

EDWARD RINGGOLD, Plaintiff

PLAINTIFF'S COMPLAINT FOR DAMAGES

Ringgold vs Burgett Inc.

# SUPORTING

# DOCUMENTS

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Oakland Local Office
1301 Clay Street ,Suite 680-N
Oakland ,California ,94612
(510) 956-0004
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 02/28/2022

**To:** Mr. Edward E. Ringgold
8161 Scenic Trails Way
SACRAMENTO, CA 95829

Charge No: 555-2020-01678

EEOC Representative and email:          Sharsyea Abram
                                        EEO Investigator
                                        Sharsyea.Abram@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 555-2020-01678.

On Behalf of the Commission:

Digitally signed by Rosa M. Salazar
DN: cn=Rosa M. Salazar, o=U.S. Equal Employment
Opportunity Commission, ou=San Francisco District Office,
email=rosa.salazar@eeoc.gov, c=US
Date: 2022.02.28 16:45:29 -08'00'

FOR: Steven Hunt
Oakland Local Director

# Privileged and Confidential

## <u>SUMMARY OF LABOR CASE & LAWSUIT</u>

I would like to file a lawsuit against my former employer in Federal or State court. I was the former CFO of a company and decided to pursue **Whistleblowing** charges against them as I was **wrongfully terminated** for reporting it. Here are the following problem areas:

- **Tax Fraud** (Corporate and Tax Impounds): I have a detailed listing of the tax impounds that were not paid between years 2017-2019 that totals approx $470K. Incorrect write off of a liability in 2018 of $660K and a non-list of a capital gain of about 2-3 million dollars.
- **SBA**: Lied on a SBA loan application. Applied for and received PPP and low interest loans although they were in arrears of $470K taxes and owed a judgement of $370K
- **Reporting Misclassification**: Not posting a valid liability Judgement on their corporate books in the amount of $470K. Not listed on their corporate tax return in 2020.
- **SEC**: Mislead a publicly owned company into receiving back 50% interest of their company for zero dollars and then trying to resale it for a profit. Total amount of the 50% of company worth that was received back was approx. 3 million dollars. The 50% of the company was given to Charity per the will of Gary Burgett (deceased).

## Other areas of law violations

- **Salary Misclassification**: I'm an exempt employee and my salary was changed to hourly and hours reduced 50% as retaliation for not wanting to comply with the COVID state mandate.
- **Retaliation**: For informing the management about above illegal (above) acts and not wanting to go against the State COVID-19 mandate.
- **Disability**: Did not honor my protection under the ADA act as I have MS and Glaucoma.
- **Harassment/hostile work environment**: Continues after violation was reported.

Again, this is just a summary of the details. Let me know what you can do.

Thx
Edward E. Ringgold

EEOC Form 5 (11/09)

| AMENDED CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | ☐ FEPA | |
| | ☒ EEOC | 555-2020-01678 |

| CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT & HOUSING | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)*<br>**MR. EDWARD E RINGGOLD** | Home Phone<br>**(916) 682-0389** | Year of Birth<br>**1962** |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| **8161 SCENIC TRAILS WAY, SACRAMENTO, CA 95829** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name<br>**BURGETT INC. D/B/A PIANO DISC AND AFFILIATES** | No. Employees, Members<br>**15 - 100** | Phone No.<br>**(916) 682-0389** |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| **4111 N. FREEWAY BLVD, SACRAMENTO, CA 95829** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

| ☒ RACE | ☐ COLOR | ☐ SEX | ☐ RELIGION | ☐ NATIONAL ORIGIN |
|---|---|---|---|---|
| ☒ RETALIATION | ☐ AGE | ☒ DISABILITY | ☐ GENETIC INFORMATION | |
| ☐ OTHER *(Specify)* | | | | |

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **06-08-2020**  Latest **11-23-2020**

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by Respondent on or about March 26, 2010 as Corporate Controller. My current position is Corporate Controller and Human Resources Manager. I am performing my job duties satisfactorily. I report to the Board of Directors (BOD), which is comprised of Tom Lagomarsino, Executive Vice President, Kirk Burgett, Owner, and Lisa Burgett, Owner.

I have a disability, of which Respondent is aware. On or about June 8, 2020, I emailed the BOD a copy of my doctors note dated May 22, 2020, which indicated that I needed to work from home as an accommodation to address the symptoms of my disabilities and the higher risk to my health posed by possible exposure to the coronavirus. Following my request, my salary was reduced by approximately fifty percent and my benefits were eliminated. Additionally, some of my job duties, including writing checks and approving wires, were removed. I asked the BOD why my job duties were removed, and Lisa Burgett replied with a statement that suggested that I was no longer trustworthy. I believe this comment was directed toward me because of my race and in retaliation for having engaged in protected

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br><br>**Digitally signed by Edward Ringgold on 12-03-2020 04:58 PM EST** | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| AMENDED CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | **555-2020-01678** |

| **CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT & HOUSING** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

**activity. I am aware that employees who have returned to work in the office have had their pay restored. To date, my pay, benefits, and job duties have not been restored.**

**Additionally, I believe I have been subjected to harassment during my employment with Respondent. For example, on at least one occasion Lisa Burgett yelled at me something to the effect of youre the accountant, you should know this in reference to an accounting matter. I believe that her tone and demeanor were hostile and continues to be so.**

**I complained to the BOD regarding these matters related to my disability, race, and retaliation, but Respondent has not taken sufficient action to address my complaints. Though Respondent commissioned an investigation by a third party, but I do not believe its investigation was neutral and I disagree with the findings. Furthermore, after Respondent received notice that I intended to file a charge of discrimination with the EEOC, I was placed on an unpaid indefinite suspension on or about November 20, 2020. I was subsequently discharged on or about November 23, 2020 without notice per Respondent's email dated November 20, 2020. I believe Respondent's actions were retaliation for my complaints of discrimination.**

**I believe I have been discriminated against because of my race (Black/African American) in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe I have been discriminated against because of my disabilities, in violation of Title I of the Americans with Disabilities Act of 1990, as amended. I further believe I have been retaliated against for engaging in protected activity, in violation of the statutes.**

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by Edward Ringgold on 12-03-2020 04:58 PM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1.   FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

**2.   AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3.   PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4.   ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5.   WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

LAI, NEUZIL (M.D.)
6600 BRUCEVILLE ROAD
SACRAMENTO CA 95823-4671
916-688-2000
Patient Name: Ringgold,Edward E

Encounter Date: 5/22/2020

Please see below for this health care provider's directives and information relating to this encounter.

Work Status Report

Date onset of condition:
Next Appointment Date:


Modified Activity (Applies to work and home)
This patient is placed on modified activity at work and at home from 3/1/2020 through 1/1/2021.

If modified activity is not accommodated by the employer then this patient is considered temporarily and totally disabled from their regular work for the designated time and a separate off work order is not required.

Other needs and/or restrictions:
Patient is at high risk if he was to be exposed to COVID19 due to one of his medical diagnosis and medication he is taking. Due to this patient has the medical restrictions of social distancing. Work from home would be a reasonable precaution during this pandemic.

This form has been electronically signed and authorized by LAI, NEUZIL (M.D.)

This form contains your private health information that you may choose to release to another party; please review for accuracy.

 Gmail

**Edward Ringgold <edwardrringgold@gmail.com>**

---

## ALERT: INSURANCE AND FIDUCIARY ITEMS 7.22.20
3 messages

---

**Edward Ringgold <edwardr@pianodisc.com>**                                    Wed, Jul 22, 2020 at 9:14 AM
To: Kirk Burgett <kirkb@pianodisc.com>, Lisa Burgett <lisab@pianodisc.com>, Tom Lagomarsino <toml@masonhamlin.com>
Cc: Edward Ringgold <edwardr@pianodisc.com>

The point of this email is to inform you of potential liability items that I know we have discussed over the years but wanted to recap in writing.  I have a lot on my mind (personally and professionally) and can't recall exact dates and times I may have said something.  So please forgive me.

After the conversation yesterday about PD W/C (which I still disagree with BTW), it got me thinking about other items that I know we've talked about, but since there has been a lot going on in the past several years, maybe know one remembers the details.  On my first day of employment there, Irene told me to keep everything in writing.  I'm pretty sure I did, but it's easier for me to just recall it as most of the Burgett financial events are cemented in my brain.  So please, CONSIDER YOURSELF INFORMED IN WRITING ON THE FOLLOWING INSURANCE AND FIDUCIARY ITEMS:

### INSURANCE

- **PD Liability Insurance** – Please see the attached insurance policy that was renewed 5/9/20.  Before this deadline we discussed that our old insurance broker no longer wanted to carry the policy.  I found us a new broker, and because of timing and office changes due to Covid-19 we decided to renew the policy as stated because in May of 2019, we made lots of major cuts and changes to the policy.  This is when we had a meeting with Craig and his crew and all of us went line by line through the policy and made changes and cuts.  Everyone should have emails from Craig on his proposal.  Our current policy reflects those changes as well.  However, here are a few items that were eliminated, but I **highly recommend** you reconsider because of Covid-19 issues and your re-engineering of the business:

  - *Ocean Shipment/Cargo insurance* –No current coverage. This was an item that was eliminated due to cost as well as we were not doing any cargo shipping at the time in 2019 AND EARLY 2020.  This is for protection for container shipping of product from China.  If I recall correctly the fees are approx. $10,000 – 12,000 a year.
  - *Employment Liability Coverage* – No current coverage. This insurance covers lawsuits by employee due to wrongful termination, sexual harassment and the like.  This is coverage that we reject each year, but in my opinion as HR is highly recommended to have.  No need to take my word for it, just ask around.  Fees depends on amount of coverage.  I would have to defer to the broker on that issue.
  - *Online scam/thief* – We are not currently cover for this.  This was another item that was rejected in the May 2019 meeting.  This type of coverage would have covered the phony check scam of July 2018.  Fees depend on the coverage.

These are just a few of the line items that I STRONGLY RECOMMEND YOU RECONSIDER.  I will have the broker forward you the new W/C policy for PD as well.

### FIDUCIARY

Here are items that we have discussed many times and I'm sure I have in writing, but will defer again as I think I can write them down quicker than I can find the email of our discussion.  They are as follows:

- *PD Tax Impounds* – As you know, and we discussed many times this started with the Parsons merger deal.  In 2017 revenue decline due to the rumors about the merger.  Because of that Parsons promised us that any

unpaid expense incurred to keep the business going, they would pay up until they acquired the company. So, these impounds were one of the line items that we could not pay. So, when the deal was cancelled, we were stuck with the liability of paying back these tax impounds. They accumulated to nearly $300,000 by September of 2017. Ivan and I had just got Arlene to approve payment for this expense just days before the deal was cancelled. So why haven't the IRS contacted us? As I mentioned in the past, the quarterly reports were filed short by the payroll company and they had to modify the W-2's to give to employees. So, unless there is an audit, the IRS wouldn't know the difference. However, our books are out of balance by nearly $300K, so in-order to fix that, we would have to amend each quarter of 2017 and pay the difference at that point. In 2017, we had the company's designed to sale, this is one of the penalties of the deal falling through.

- *Stoneham Bank* – The balance on this loan is approx. $940K as you know, and we discussed many times the Stoneham Bank loan is in contractual default. This is why they are charging us nearly 10% interest instead of our normal 5.75%. This has resulted in a monthly penalty of about $4,000 per month of cash outflow. If you read the contract, although we are current in our monthly payments and property tax, the contract states that M&H is supposed to maintain a 15% monthly EBIT. We have not maintained that, thus the increased interest. Additionally, the loan has a renewal date of 8/2024, and I think the decision has already been made to not renew the loan so somehow the loan needs to be paid of by 8/2024 or the property refinanced or sold. Additionally, I don't think we can defer Mark Drew much longer before he figures out, we are in shutdown mode and the company is not generating any revenue currently. I know the plan is to have PD buy the building, but even with a SBA loan, the distance and use of the building will come into play and they may want to see if it is currently leased out.

- *Parsons USA litigation* – I still think this has a potential to be an issue. Parsons issued a demand letter in 2018 for this $660K that we did not pay. I'm not a lawyer, so I don't know if the statue of limitations has passed, but it might be worth investigating. The 2nd problem with this is we converted this $660K liability to income in 2018. I would be highly surprised if this DOES NOT generate an IRS audit. I mentioned this too in pass conversations, not sure if it's in writing. I personally think Parsons have some different plans other than recapturing this money. I talked about this for years and I was always told by you guys this was a non-issue and Parsons would not pursue the advanced cash. But now we know differently.

- *Intercompany transactions* - The $2,000,000 I/C issue between PD and MH will have to be dealt with at some point. The likely end result will be PD's equity will be reduced by $2M and MH income will increase by $2M. This is because MH has no means to pay this loan back to PD so PianoDisc will take a huge hit in it's net worth and MH will likely have a huge tax issue to hopefully can be offset by some big losses in previous years.

- *SBA and healthcare compliance testing* – We are in violation with a couple of items here. The SBA says on its application that in-order to get an SBA loan you can't owe and back taxes (we do) and cannot currently be in any litigation (we were). Hopefully that news doesn't get out to the SBA. It's also states in the contract the specific use of the funds. We haven't started using the funds loan funds yet, so right now we are OK. On the healthcare compliance side, the broker was a disturbed that we were charging the employees more than 50%. This goes back 7 years or so. Hopefully they won't order up a compliance audit. It is my believe that in February 2021, they will cancel the policy due to it being too small after all of the eliminations.

- *PD & MH Write-off's* – As mentioned before, there are a ton of write offs on the books that are mudding up both aging lists. We did this initially to offset capital gains from the sale of the company. Without selling the company all we con do now is wait for future income and write off enough expense to bring the tax liability to zero. This will take some patience as we have to pick and choose how we apply these write offs.


Sorry for being so long winded, I would appreciate any response to what I wrote come from a "reply" from this email.


Thanks

ED

Form **3949-A**
(April 2016)

Department of the Treasury - Internal Revenue Service

# Information Referral
*(See instructions on reverse)*

OMB Number
1545-1960

Use this form to report suspected tax law violations by a person or a business.

**CAUTION: READ THE INSTRUCTIONS BEFORE COMPLETING THIS FORM.** There may be other more appropriate forms specific to your complaint.
(For example, if you suspect your identity was stolen, use **Form 14039**.)

## Section A – Information About the Person or Business You Are Reporting

Complete 1, if you are reporting an Individual. Complete 2, if you are reporting a business only. Complete 1 and 2 if you are reporting a business and its owner.
*(Leave blank any lines you do not know.)*

| 1a. Name of Individual KIRK G. BURGETT | b. Social Security Number/TIN 6289 | c. Date of birth 56 | |
|---|---|---|---|
| d. Street address 4111 N. FREEWAY BLVD | e. City SACRAMENTO | f. State CA | g. ZIP code 95834 |
| h. Occupation OWNER OF PIANODISC | i. Email address KIRKB@PIANODISC.COM | | |

j. Marital status *(check one, if known)*
☑ Married  ☐ Single  ☐ Head of Household  ☐ Divorced  ☐ Separated

k. Name of spouse

| 2a. Name of business BURGETT INC. dba PIANODISC | b. Employer Tax ID number (EIN) 68-0156431 | c. Telephone number (916) 567-8999 | |
|---|---|---|---|
| d. Street address 4111 N. Freeway Blvd. | e. City SACRAMENTO | f. State CA | g. ZIP code 95834 |
| h. Email address KIRKB@PIANODISC.COM | i. Website WWW.PIANODISC.COM | | |

## Section B – Describe the Alleged Violation of Income Tax Law

3. Alleged violation of income tax law. *(Check all that apply.)*

☐ False Exemption
☐ False Deductions
☐ Multiple Filings
☐ Organized Crime

☐ Unsubstantiated Income
☐ Earned Income Credit
☐ Public/Political Corruption
☑ False/Altered Documents

☐ Unreported Income
☐ Narcotics Income
☐ Kickback
☐ Wagering/Gambling

☐ Failure to Withhold Tax
☐ Failure to File Return
☑ Failure to Pay Tax
☐ Other (describe in 5)

4. Unreported income and tax years
Fill in Tax Years and dollar amounts, if known *(e.g., TY 2010- $10,000)*

TY *2017* $ *330,196* TY *2018* $ *99,007* TY *2015* $ *TBD* TY ____ $ _____ TY ____ $ _____ TY ____ $ _____

5. Comments *(Briefly describe the facts of the alleged violation-Who/What/Where/When/How you learned about and obtained the information in this report. Attach another sheet, if needed.)*

See Attached letter.

6. Additional information. Answer these questions, if possible. Otherwise, leave blank.
a. Are book/records available? *(If available, do not send now. We will contact you, if they are needed for an investigation.)*   ☑ Yes  ☐ No
b. Do you consider the taxpayer dangerous?   ☑ Yes  ☐ No
c. Banks, Financial Institutions used by the taxpayer *Umpqua Bank, Comerica Bank*

| Name Umpqua Bank | Name Comerica Bank | | |
|---|---|---|---|
| Street address ? Capitol Mall 6th Floor | Street address 1442 N. Main Street | | |
| City SACRAMENTO | State CA | ZIP code 95814 | City Walnut Creek | State CA | ZIP code 94596 |

## Section C – Information About Yourself

*(We never share this information with the person or business you are reporting.)*
This information is not required to process your report, but would be helpful if we need to contact you for any additional information.

| 7a. Your name Bill (Alias) for safety | b. Telephone number 916 692-0389 | c. Best time to call Any | | |
|---|---|---|---|---|
| d. Street address | e. City | f. State | g. ZIP code | |

**Please print and send your completed form to: Internal Revenue Service**
Stop 31313
Fresno, CA 93888

<u>ATTACHMENT:</u>

I am the Controller of Burgett Inc. and Affiliates and have first had knowledge of all finances and plans for the company.

## TAX IMPOUNDS

The 2017 and 2018 amounts represent incorrectly filled form 941's for Burgett Inc. dba Pianodisc. During those years the company was having financially difficulty and was supposed to be sold in the year of 2017.  The deal was cancelled by Kirk Burgett; thus, the liability became Burgett Inc.

## 2015 GIFT TAX

In May of 2015, Gary Burgett who owned 50% of all the Burgett Entities suddenly passed away from a heart attack.  In his final will-in-testament, he left 50% of all his assets to charity (Family Radio Inc.) a publicly owned company at the time.  NOT to his brother and business partner Kirk Burgett, to his surprise.  Once Gary's attorney read the last will in testament at the reading of the will, that is when Kirk Burgett and his wife Lisa found out that Gary left his business and personal assets to charity.  Kirk was so upset that he did not get Gary's 50% of assets, he made an appointment with the President of Family Radio and requested a special Board meeting asking for the donated assets be transferred back to him. From what I understand and remember, the assets were GIFTED BACK to Kirk and Burgett Inc dba PianoDisc.  The approximate value of the 50% returned back to Burgett Inc. was $3 Million in value on the conservative side.  I'm not sure the amount of Gift tax should be owed; this is why I put **TBD** as the value.   Kirk attempted to sell the company (all 100%) two weeks later.

**CURRENT OUTSTANDING TAXES AND PAYROLL FEES**

| | PAYROLL TAXES<br>2017-2020 |
|---|---|
| 3/10/17 Tax | 13,922.79 |
| 3/24/17 Tax | 13,424.92 |
| 4/07/17 Tax | 13,444.41 |
| 4/21/17 Tax | 13,403.63 |
| 5/01/17 Com Tax | 2,249.40 |
| 5/05/17 Tax | 13,336.72 |
| 5/19/17 Tax | 13,375.04 |
| 6/01/17 Com Tax | 3,298.83 |
| 6/02/17 Tax | 13,578.79 |
| 6/16/17 Tax | 13,365.95 |
| 6/30/17 Tax | 13,345.44 |
| 7/03/17 Com Tax | 4,039.87 |
| 7/14/17 Tax | 14,189.00 |
| 7/28/17 Tax | 13,663.03 |
| 8/01/17 Com Tax | 1,073.36 |
| 8/11/17 Tax | 13,552.72 |
| 8/25/17 Tax | 13,279.87 |
| 9/01/17 Com Tax | 4,348.77 |
| 9/08/17 Tax | 13,238.44 |
| 9/22/17 Tax | 13,373.24 |
| 10/02/17 Com Tax | 3538.36 |
| 10/06/17 Tax | 13780.78 |
| 10/20/17 Tax | 13427.16 |
| 11/01/17 Com Tax | 5629.83 |
| 11/03/17 Tax | 13302.54 |
| 11/17/17 Tax | 14049.79 |
| 12/01/17 Com Tax | 3443.45 |
| 12/01/17 Tax | 13006.77 |
| 12/15/17 Tax | 16330.05 |
| 12/29/17 Tax | 16183.30 |
| Levy 4th qtr 2017 pyrl tax | (28654.77) |
| MC-006161 10/21/19 Wisconsin Tax pymnt | (640.68) |
| 01/2/18 Com Tax | 5172.49 |
| 01/12/18 Tax | 16245.10 |
| 01/26/18 Tax | 14848.23 |
| 02/01/18 Com Tax | 3868.94 |
| 02/09/18 Tax | 14132.89 |
| 09/07/18 Tax | 11069.48 |
| 09/21/18 Tax | 11280.07 |
| 10/05/18 Tax | 11255.38 |
| 09/21/18 Tax | 11134.44 |
| 01/02/19 Com Tax Paid with Comm tax 12/02/19 in Nov-19 $9615.40 (1/2/19 tax $3426.71+12/2/19 comm tax $3910.12+ pyrl fee $83.98 + direct deposit $2194.63) | 0.00 |
| PD Pyrl tax 07/12/19 Paid with PD Pyrl 12/13/19 on 12/12/19 total $27533.40(tax 7/12/19 $11476.29+12/13/19 $10969.44 + Pyrl fee $162.52 + direct deposit $4925.15 ) amount$162.52 O/S is pyrl fee for 07/122/19 | 0.00 |

**HARTLAND FEES**
**2017-2020**

| | | |
|---|---|---|
| 170.00 | | |
| 170.00 | | |
| 182.48 | | |
| 178.74 | | |
| 98.94 | | |
| 162.52 | | |

| | |
|---|---:|
| PD Pyrl tax 09/06/19 $11,550.09+Fee166.26 paid 12/27/19 only 11036.27 Ref: GJ-1204 12/27/19 and Kirk Burgett refunded for taxl 09/06/19 $415.38 chk# 2706 (total tax $11550.09 paid $11036.27 and $415.38 ) Outstanding amount is $98.44 from tax 12/27/19 & $1 | 0.00 |
| 01/02/20 Comm tax not paid | 4413.97 |
| 01/10/20 PD Pyrl Tax not paid | 15768.12 |
| 01/24/20 PD Pyrl tax not paid | 15711.6 |
| 03/20/20 PD Pyrl tax not paid | 12904.22 |
| 04/01/20 Comm. Pyrl tax not paid | 2440.75 |
| 04/03/20 PD Pyrl tax not paid | 9,099.21 |
| 04/17/20 PD Pyrl tax not paid | 7044.82 |
| | |
| | |
| | |
| | |
| | |
| | |
| | **467,290.51** |

| | | |
|---:|---:|---|
| 264.70 | | |
| 98.94 | | |
| 166.26 | | |
| 171.26 | | |
| 173.74 | | |
| 98.94 | | |
| 170.00 | | |
| 175.00 | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| **2,281.52** | **469,572.03** | |

Kirk Burgett

Tom Lagomarsino

Executive Team - Kirk, Tom

**Mfg Supervisor Mark**

- Assembly PD/MH/WNG — Lead-Jerry
  - Sang, Vincent, Byron, Ivan, Vincent, John
- Install — Lead-Jerry
  - Byron, Ivan
- Music Duplication
- Tech Training
- Logistic Trans Freight
- Warranty Labor Approval — Jerry
- Safety

**CFO Edward**

- Accounting — Ahmad, Claudia, Danny
- Credit Dept — Ahmad
- Material/ Purchasing — Stephanie
- Receiving — Stephanie
- Shipping — Lorna, Radka
- Human Resources

Building Maint.

Mike, Bogie

**Director of Engineering David**

- R&D/Eng
- I.T. — Adam, Danny
- Tech Support — iTeam
- Tech Repair
  - Brad

Intellectual Property

Tom, David — Assistant-Julie

**Executive VP Tom**

- International Europe, China, United States — PD,WNG
- Cecil — MH
- Julie — Marketing Ad
- Trish, Julie — Sales Support Admin
- Trish — Admin Sales Support
  - Tatyana, Matt, Julie
- Music Product, Editing

# Civil judgment of Wenjiang District People's Court of Chengdu

## (2020) No. 279, Early Republic of China, Chuan 0115

Plaintiff: Yichang Jinbao Musical Instrument Manufacturing Co., LTD., No. 6, Beihai Road, Yichang District, China (Hubei) Free Trade Zone.

Legal representative: Wu Tianyan,(Terrence) Chairman of the board.

Agent AD litem: Tu Shaoying, lawyer of Hubei Minji Law Firm.

Attorney: Zhu Minglin, lawyer of Hubei Minji Law Firm.

Defendant: ChengduBurgett piano automatic playing system co., LTD., local: four salween district of chengdu sichuan province chengdu cross-strait science and technology industrial development park jia road 519

legal representative: Burgett kirk George, Executive director and general manager.

Attorney: Li Jianjun, lawyer of Sichuan Tongfangzheng Law Firm.

Attorney: He Pei,(Phoebe) female, born on December 24, 1975, Han Nationality, residing at 13B Feiyunge, Shahe Zhonglu Plaza, Nanshan District, Shenzhen, Guangdong province, is a member of the company

Plaintiff yichang jinbao musical instrument manufacture co., LTD. (hereinafter referred to as the Jinbao company) and Chengdu Burgett Piano Automatic Performance System Co., Ltd(hereinafter referred to as Burgett China company) unjust enrichment dispute case, the court commenced the case on January 10,2020, summary procedure in accordance with the law on May 13, 2020, public hearing on the trial.The plaintiff Jinbao Company entrusted litigation agent Tu Shaoying, the defendant Burgett company entrusted litigation agent Li Jianjun, He Pei(Phoebe) attended the proceedings.The case is now closed.

Jinbao filed a lawsuit to the court: order Burgett China company to repay the money

RMB 2,413, 513.35 yuan and the interest on the occupied capital (the interest shall be calculated based on RMB 2,413, 513.35 yuan, and shall be calculated at the annual interest rate of 6% from September 15, 2017 until the principal is paid off).Facts and Reasons: For the purchase of raw materials for the finished piano system, Jinbao intends to purchase related materials from Burgett.In June 2017, After many times of contact and communication, Jinbao and Burgett reached a preliminary agreement on the name, quantity, price and other matters of the ordered products.Burgett required Jinbao to pay first for the materials. According to the requirements of Burgett, Jinbao has made eight payments to Burgett since June 13, 2017 for materials and electronic parts, totaling 2,413,513.35 yuan. However, Burgett has refused to sign relevant written contracts with Jinbao.After receiving the above payment from Jinbao, Burgett neither delivered the relevant products to Jinbao as agreed nor returned the money to Jinbao. During this period, Jinbao had communicated with Burgett for many times but Burgett had been prevaricate with various reasons.After receiving the advance payment from Jinbao, Burgett Company failed to fulfill the obligation of delivering the goods and refused to return the advance payment for a long time, which caused serious losses to Jinbao company. In order to protect its legitimate rights and interests, Jinbao company sued the court.

Burgett argues that what jinbao said is not the fact .RMB 2,413, 513.35 is not the advance product payment that Jinbao pay to burgett.The payment is Jinbao company in order to let Burgett stop talking with other bidders contacts and make Jinbao's lawyers have time to review the acquisition agreement at the same time .The payment is compensatory fee to help their lawyer have enough time to conduct due diligence, and keep Burgett company operating. The compensatory fee is the cost that Jinbao company voluntary burden for buying Butgett company.After negotiations, Jinbao agreed to pay Burgett $200,000 per month as compensatory fee,and no need to repay whether they made an acquisition or not.

purpose of Jinbao Company's request to Burgett Company is ultimately to obtain products. To sum up, the court found that Jinbao Company made the corresponding payment to Burgett Company for production. It also meant to acquire the product, which indicated that the sales contract relationship between both parties was established. Burgett Company failed to deliver the product, and Jinbao Company also claimed that there was no possibility or necessity of goods delivery, so Burgett Company should refund the money paid by Jinbao Company. For the interest on occupation of funds claimed by Jinbao Company, because there is no clear agreement between both parties on the delivery time, and Jinbao Company also has no evidence to prove that it requires Burgett Company to refund the money before the prosecution, thus for the interest on occupation of funds claimed by Jinbao Company, the court only supports   the calculation of interest on occupation of funds based on the annual interest rate of 6% per annum from Jan. 10, 2020, the date of Jinbao Company's lawsuit.

Thus, according to provisions of Article 60 and Article 107 of the Contract Law of the People's Republic of China, and that of Article 64 & Article 142 of the Civil Procedure Law of the People's Republic of China, the court ruling is as follows:

I.    Chengdu Burgett Piano Automatic Performance System Co., Ltd. should refund Yichang Jinbao Musical Instrument Manufacture Co., Ltd.'s payment of RMB 2,413,513.35 and interest on overdue payment within 10 days from the date of this judgment (interest calculation method: It shall be based on RMB 2,413,513.35, and calculated at the annual interest rate of 6% per annum from Jan. 10, 2020 to the date of actual payment);

II.    Other litigation claims of Yichang Jinbao Musical Instrument Manufacture Co., Ltd. should be dismissed.

If the financial obligation is not fulfilled within the period specified in this judgment, the interest on the debt during the period of late performance shall be doubled in accordance with Article 253 of the Civil Procedure Law of the People's Republic of China.

The case acceptance fee for this case was halved to RMB 14,220.00, and should be borne by Chengdu Burgett Piano Automatic Performance System Co., Ltd.

In case of dissatisfaction with this judgment, an appeal can be submitted with this court within 15 days from the date of service of the judgement, number of duplicate shall be correspond with that of the other parties, and the appeal shall be submitted to Chengdu Intermediate People's Court of Sichuan Province.

审判员：江雨霏

Judge Jiang Yufei



二〇 ... 2020

Clerk: Liang Jiao

成都市温江区人民法院（章）

Wenjiang District People's Court of Chengdu (sealed)

本件与原本核对无异

# Failure to perform the effective judgment risk reminder

The parties shall voluntarily perform the effective judgment, written order and conciliation statement. In accordance with Article 253 of the Civil Procedure Law of the People's Republic of China, if a party fails to perform its pecuniary obligation within the period specified in a judgment or written order or any other legal document, it shall pay double interest on the debt for the delayed period.If a party fails to perform other legal duties within the period specified in the judgment, written order or any other legal document, it shall pay money for delayed performance.If one party fails to do so voluntarily, the other party may apply to the people's court for compulsory execution.

2. After one party has applied to the people's court for compulsory execution, the person subjected to execution shall, in accordance with Article 241 of the Civil Procedure Law of the People's Republic of China, report on the current situation of his property as well as the one year prior to the receipt of the notice.If the person subjected to execution refuses to report or makes false reports, the people's court may impose a fine or detain the person subjected to execution or his legal representative or agent.

3. If the person subjected to execution fails to fulfill the obligations specified in the legal document, the people's court may take measures against him or notify relevant units to assist him in restricting his exit from the country, recording in the credit information system, publishing information about his failure to fulfill his obligations through the media and other measures prescribed by law

In accordance with the Provisions of the Supreme People's Court on Restricting the High Consumption and Related Consumption of the person subject to Execution, if the person subject to execution is a natural person, he/she shall not (1) choose the second class or higher class of aircraft, train or ship when taking transportation;(2) making high consumption in hotels above star level, hotels, nightclubs, golf courses and other places;(3) purchasing real estate or building, expanding or furnishing high-grade houses; (4) renting high-grade office buildings, hotels, apartments or other places for office work;(5) purchase of vehicles not necessary for operation;(6)

behaviors not necessary for life and work.If the person subject to execution is a unit, the person subject to execution, his legal representative, the principal person in charge, the person directly responsible for affecting the performance of the debt, or the actual controller may not perform the above ACTS.

The person subjected to execution belongs to the Supreme People's Court on the provisions of the faithless person subjected to execution list information listed in the first six kinds of situations, the people's court to be included in the list of faithless person subjected to execution, and the faithless person subjected to execution list information, to the relevant government departments, financial regulators, financial institutions, to undertake administrative function of institutions and industry associations, such as for the related units in government procurement, recruit standard bidding, administrative examination and approval, government support, financing credit, market access, aptitude, etc., on the credit punishment.

If the person subjected to execution refuses to execute a judgment or order of a people's court because he is able to do so, the people's court may impose a fine or detain him; if the circumstances are serious enough to constitute a crime, he shall be sentenced to fixed-term imprisonment of not more than three years, criminal detention or be fined;If the circumstances are especially serious, he shall be sentenced to fixed-term imprisonment of not less than three years but not less than seven years and shall also be fined.Where a unit commits the crime mentioned above, it shall be fined, and the persons who are directly in charge and other persons who are directly responsible for the crime shall be punished in accordance with the foregoing provisions.

 Gmail

Edward Ringgold <edwardringgold@gmail.com>

---

## *****PREVILEGED AND CONFIDENTIAL request of information & permission*****

4 messages

---

**Edward Ringgold <edwardringgold@gmail.com>**
To: derrick@parsonsmusic.com, jenakwok@parsonsmusic.com

Wed, Mar 10, 2021 at 8:16 AM

Hello all,

I wish I were reconnecting with you under better circumstances.  This is Edward Ringgold (formerly of PianoDisc) and wanted to reach out to you regarding a few questions.  I am pursuing litigation against Burgett Inc and its affiliates, and I'm currently working with a Federal Investigation agency regarding this case.  One of the items that I need to get clarity on is whether you have **relieved** Burgett inc. of its responsibility of paying you back the US portion ($660K) of the monies that was advanced during the due diligence period of Parson Music Company purchasing the Burgett Entities in 2017.There is also some questions about the financial position and the financial statements of the company during the time of due diligence.  I know recently back in June 2020, you won a case for the money that was advanced to Burgett China in 2017 to the tune of $335K plus interest from January 2020 to June 2020.  I was terminated from the company back in November of 2020, and I know as of that date, those awarded funds had not been paid back to you.

I'm seeking your help and support as I move through this litigation process.  Would you be willing to work with me during this process?  I have the following questions:

1. Did you relieve Burgett Inc. USD of the responsibility to repay the $660K that was advanced to them during the due diligence period of 2017?  I know in early 2018, your U.S. attorney sent Tom Lagormarsino a demand letter requesting those funds to be paid back. Can you send me a copy of that letter? Shortly after that I heard that you relieved Burgett Inc. of the responsibility of repaying that advance? **PLEASE NOTE THIS IS AN IMPORTANT PART OF MY WHISTLE BLOWER CASE.** I need something in writing from Parsons Music Company (PMC), that confirms or denies this statement.

2. Another part of my whistle blower case involves whether or not Burgett Inc. repaid the judgement that was awarded to you back in June 2020.  *This may involve* funds NOT approved to repay a legal judgement. This is part of another whistle blower case with the U.S. Government.

3. I would like permission to use Parsons company name, everyone who has knowledge of the 2017 proposed transaction including Tarence and Arlene as people who have knowledge of the 2017 transaction and its ultimate cancellation.

4. Would you be interested in supporting me in any litigation as I move forward in this case?

As you know there are deadlines involved in legal cases, so I need to hear back from you rather urgently.  If I don't hear back from you, I will just assume you have relieved the Burgetts of their liability of the $660K, and I will drop this part from my case.  If this is not the case and you are interested in working with me, I need to hear back from you or your legal team by March 16th, 2021.  You can reach me via my personal cell number (916) 600-9083 or by responding to this email address.

I really look forward to hearing back from you.  **Also, please keep and mind this is \*\*\*PREVILEGED AND CONFIDENTIAL\*\*\* information and is <u>NOT</u> to be shared with any executives, employees, attorneys or agents and the like of Burgett Inc. or its affiliates as it may compromise an open Federal investigation with the U.S. Government against Burgett Inc. and its affiliates.**

All the best,

Edward E. Ringgold

---

**jenakwok <jenakwok@mail.parsonsmusic.com>**                                        Sun, Mar 14, 2021 at 5:52 PM
To: Edward Ringgold <edwardringgold@gmail.com>

Dear Mr. Ringgold,

Thank you for your email.

We regret to hear your termination and hope everything is going well with you.

Regarding your suggestion below, we are open to offer you the support needed.  Prior further action is taken, we would like to know more about current status of Burgett Inc., what the Federal agency is investigating and most importantly, would our participation in the investigation help Parsons to get back the advance payment we made in the US (and China)?  This way our legal advisors could review the situation and offer you the best support we could.

Meanwhile, please note that we did not relieve Burgett Inc. the responsibility to repay the advance payment we made in US (and China).  Besides the official demand letter requesting Burgett Inc. to pay back the funds, for the past years, we also had several meetings with Tom Lagormarsino during fairs requesting the funds to be paid back.

Looking forward to hearing from you.

Best regards,
Jena Kwok
Parsons Music Ltd


On Wed, 10 Mar 2021 08:16:53 -0800, Edward Ringgold wrote
> Hello all,
>
> I wish I were reconnecting with you under better circumstances.  This is
> Edward Ringgold (formerly of PianoDisc) and wanted to reach out to you
> regarding a few questions.  I am pursuing litigation against Burgett Inc
> and its affiliates, and I'm currently working with a Federal Investigation
> agency regarding this case.  One of the items that I need to get clarity on
> is whether you have* relieved* Burgett inc. of its responsibility of paying
> you back the US portion ($660K) of the monies that was advanced during the
> due diligence period of Parson Music Company purchasing the Burgett
> Entities in 2017.There is also some questions about the financial position
> and the financial statements of the company during the time of due
> diligence.  I know recently back in June 2020, you won a case for the money
> that was advanced to Burgett China in 2017 to the tune of $335K plus
> interest from January 2020 to June 2020.  I was terminated from the company
> back in November of 2020, and I know as of that date, those awarded funds
> had not been paid back to you.

> I'm seeking your help and support as I move through this litigation
> process.  Would you be willing to work with me during this process?  I have
> the following questions:
>
> 1.    Did you relieve Burgett Inc. USD of the responsibility to repay the
> $660K that was advanced to them during the due diligence period of 2017?  I
> know in early 2018, your U.S. attorney sent Tom Lagormarsino a demand
> letter requesting those funds to be paid back. Can you send me a copy of
> that letter? Shortly after that I heard that you relieved Burgett Inc. of
> the responsibility of repaying that advance? *PLEASE NOTE THIS IS AN
> IMPORTANT PART OF MY WHISTLE BLOWER CASE.* I need something in writing from
> Parsons Music Company (PMC), that confirms or denies this statement.
>
> 2.    Another part of my whistle blower case involves whether or not
> Burgett Inc. repaid the judgement that was awarded to you back in June
> 2020.  *This may involve* funds NOT approved to repay a legal judgement.
> This is part of another whistle blower case with the U.S. Government.
>
> 3.    I would like permission to use Parsons company name, everyone who has
> knowledge of the 2017 proposed transaction including Tarence and Arlene as
> people who have knowledge of the 2017 transaction and its ultimate
> cancellation.
>
> 4.    Would you be interested in supporting me in any litigation as I move
> forward in this case?
>
> As you know there are deadlines involved in legal cases, so I need to hear
> back from you rather urgently.  If I don't hear back from you, I will just
> assume you have relieved the Burgetts of their liability of the $660K, and
> I will drop this part from my case.  If this is not the case and you are
> interested in working with me, I need to hear back from you or your legal
> team by March 16th, 2021.  You can reach me via my personal cell number
> (916) 600-9083 or by responding to this email address.
>
> I really look forward to hearing back from you. * Also, please keep and
> mind this is ***PREVILEGED AND CONFIDENTIAL*** information and is NOT to be
> shared with any executives, employees, attorneys or agents and the like of
> Burgett Inc. or its affiliates as it may compromise an open Federal
> investigation with the U.S. Government against Burgett Inc. and its
> affiliates.*
>
> All the best,
>
> Edward E. Ringgold


--
Open WebMail Project (http://openwebmail.org)

---

**Edward Ringgold** <edwardringgold@gmail.com>          Mon, Mar 15, 2021 at 8:06 PM
To: jenakwok <jenakwok@mail.parsonsmusic.com>

Jena,

Thank you so much for responding to my email.  Yes, I would be happy to help in any way I can to help you regain your
advanced funds back.  Please note, my investigation of Burgett Inc & affiliates is highly confidential and my
communication with you needs to be handled VERY delicately.  I would suggest we have a conversation on how we move
forward, as that may be easier than putting all of this in an email.  As you know, I know about the litigation case that was
awarded in your favor back in June of 2020 (see attached).  Attached is just a header of one of the many cases I have
against Burgett Inc. (see attached).  Both you and I cases are likely to end in a lawsuit, so this has to be handled with
"kid gloves" as we move forward.  So the first items to move forward with be to have a meeting with you and your team
via Zoom so we can develop a game plan