UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD RINGGOLD, | No. 2:22-cv-0836 KJM CKD PS |
| Plaintiff, | |
| v. | ORDER |
| BURGETT, INC., DBA PIANODISC, et al., | |
| Defendants. | |

Plaintiff proceeds without counsel and seeks relief for wrongful termination under the Americans with Disabilities Act, among other claims. This matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). Plaintiff has filed a civil complaint and an application to proceed in forma pauperis. (ECF Nos. 1, 2.)

In order to commence a civil action, along with the complaint, a plaintiff must either pay the $350.00 filing fee and the $52.00 administrative fee or file an application requesting leave to proceed in forma pauperis ("IFP"). See 28 U.S.C. §§ 1914(a), 1915(a). The court may authorize the commencement of an action "without prepayment of fees" by an individual who submits an affidavit evidencing an inability to pay such fees. 28 U.S.C. § 1915(a). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing

1

Adkins v. E.I. Du Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948)); see also United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty" (internal quotation omitted)). While § 1915(a) does not require a litigant to demonstrate "absolute destitution," Adkins, 335 U.S. at 339, the applicant must nonetheless show inability to pay the fees. 28 U.S.C. § 1915(a).

Plaintiff's affidavit indicates plaintiff recently became unemployed, is receiving disability or workers compensation payments, and has four dependents. (ECF No. 2.) The affidavit states plaintiff had $12,000 in a checking or savings account and lists a home worth $1,000.000.00 as an asset. (ECF No. 2.) These facts do not support a conclusion that plaintiff was unable to pay the court costs and still afford the necessities of life. Thus, plaintiff does not make an adequate showing of indigency for in forma pauperis status.

Plaintiff will be granted 30 days in which to submit the appropriate filing fee and administrative fee to the Clerk of the Court. Plaintiff is cautioned that failure to pay the court costs will result in a recommendation that the application to proceed in forma pauperis be denied and the present action be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that, within thirty (30) days from the date of this order, plaintiff shall submit the appropriate filing fee.

Dated: June 29, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Ringgold22cv836.ifp.den