UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD RINGGOLD,<br><br>          Plaintiff,<br><br>     v.<br><br>BURGETT, INC., doing business as PIANODISC, et al.,<br><br>          Defendants. | No.  2:22-cv-00836-DAD-CKD PS<br><br><br>ORDER AND<br><br> FINDINGS AND RECOMMENDATIONS |

   Plaintiff proceeds pro se with claims under the Americans with Disabilities Act ("ADA") and state law claims. This matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

   Defendants' motion to dismiss filed on September 15, 2022 (ECF No. 9) is before the court. Plaintiff opposes the motion. Having considered the papers filed in support of and in opposition to the motion, the undersigned finds oral argument to be unnecessary. Accordingly, the hearing scheduled for October 26, 2022 will be vacated. For the reasons set forth below, the undersigned will recommend the motion to dismiss be denied without prejudice and that the court grant plaintiff an extension of time to effectuate proper service of the summons and complaint on the defendants.

////

1

### I. Background

Plaintiff Edward Ringgold initiated this action with a pro se complaint filed on May 18, 2022. (ECF Nos. 1.) Defendants are Burgett Inc., dba Pianodisc ("Pianodisc"), Lisa Burgett, Thomas Lagormasino, and Kirk G. Burgett. (See generally, id.)

On September 15, 2022, defendants moved to dismiss the complaint under Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process. Defendants argue plaintiff failed to serve any defendant with the operative complaint. Plaintiff filed a timely opposition to the motion to dismiss. (ECF No. 14.) Defendants filed a timely reply. (ECF No. 15.)

On October 11, 2022, plaintiff filed an unauthorized sur-reply. (ECF No. 16.) Under the court's local rules, briefing of motions concludes with the reply, if any, filed by the moving party. See Local Rule 230(m) ("After a reply is filed, no additional memoranda, papers, or other materials may be filed without prior Court approval" except under two exceptions not applicable here.) Accordingly, the court disregards plaintiff's unauthorized sur-reply.

### II. Legal Standards

A motion under Rule 12(b)(5) challenges the mode or method of service of the summons and complaint. Wasson v. Riverside County, 237 F.R.D. 423, 424 (C.D. Cal. 2006). A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Federal Rule of Civil Procedure 4. See Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). Service of process must be completed "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1).

Rule 4 is a flexible rule that should be liberally construed. United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984). However, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction absent 'substantial compliance with Rule 4.'" Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986) (citing Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982), cert. denied, 484 U.S. 870 (1987).

A plaintiff's pro se status does not excuse failure to effectuate proper service. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). Pro se litigants are expected to know and comply with the rules of civil procedure. See American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000).

When a defendant challenges service, the plaintiff bears the burden of establishing its sufficiency under Rule 4. See Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). If service of process was insufficient, a district court has discretion to dismiss an action or quash service. See Fed. R. Civ. P. 4(m); S.J. v. Issaquah School Dist. No. 411, 470 F.3d 1288, 1293 (9th Cir. 2006) (citing Stevens v. Security Pac. Nat'l Bank, 538 F.2d 1387, 1389 (9th Cir. 1976).

**III. Discussion**

**A. Defendants' Motion to Dismiss**

The crux of defendants' argument is that although plaintiff served a summons and a copy of a complaint on each of the three individual defendants, none of the three individual defendants were served with a complete copy of the operative complaint, including its attachments. (See ECF No. 9 at 2-3.) Defendants argue, first, the complaints served were not file stamped. (Id. at 5.) Defendants argue, second, the complaints served were dated August 18, 2022, whereas the operative complaint was signed by plaintiff on May 18, 2022. (Id.) Defendants note, third, the service packets included various extraneous documents which were not the original attachments to the operative complaint. (Id.) Defendants also argue there do not appear to have been any service attempts as to defendant Pianodisc because none of the proofs of service identify said entity. (ECF No. 9 at 3.) Defendants move the court to dismiss the complaint for insufficient service of process. See Fed. R. Civ. P., Rule 12(b)(5).

Plaintiff responds that the individual defendants were served with the operative complaint, although he acknowledges he changed the date to reflect the date on which the materials were sent to the process server. (ECF No. 14 at 4.) In addition, plaintiff acknowledges he changed the "supporting documents" that were served to reflect new "evidence and documents" crucial to the

case, rather than the original attachments to the complaint. (Id.) Plaintiff argues the defendants each received a summons and a copy of the original, operative complaint with plaintiff's new supporting documents. (Id. at 5.) And further, "[t]he only reason the May 18th complaint did not get served is because Plaintiff applied for a fee waiver and did not get a summons to file that day[.]" (Id.)

Exhibits attached to the complaint are part of the complaint for all purposes. See Fed. R. Civ. P. 10(c); Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001). Here, it is apparent that plaintiff did not serve Ms. Burgett or Mr. Lagomasino with a complete copy of the operative complaint, which includes all exhibits and attachments. As to Mr. Burgett, plaintiff served different supporting documents in support of the complaint. While some of these supporting documents might have been also attached to the operative complaint as it was originally filed, the court is unable to conclude that Mr. Burgett was properly served with a full copy of the operative complaint. In addition, plaintiff changed the date of each of the complaints served. Under these circumstances, plaintiff has not complied with Rule 4 of the Federal Rules of Civil Procedure, which requires service of a summons together with a complete copy of the operative complaint filed on May 18, 2022.

While the doctrine of substantial compliance can be invoked to remedy minor defects in service and prevent dismissal, its applicability is generally found in cases distinguishable from the instant one. For example, substantial compliance has been found where proper service was made one day late and the statute of limitations had run. See, e.g., Tyson v. City of Sunnyvale, 159 F.R.D. 528, 530 (N.D. Cal. 1995). Substantial compliance has also been found where, despite a good faith effort, compliance was prevented by a defendant's intentional actions to evade service. Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135-36 (9th Cir. 2009). Here, although defendants and their counsel received actual notice of the lawsuit, defendants did not attempt to evade service, the defects in service were more than minor, and good cause for an extension of time is not shown. See Procopio v. Conrad Prebys Tr., No. 14-cv-1651 AJB (KSC), 2015 WL 4662407 (S.D. Cal. Aug. 6, 2015) (noting that substantial compliance exists to address "minor defects in service and prevent dismissal," not to prevent quashing of improper service).

Where, as here, service was not completed in accordance with Rule 4(m), the district court applies a two-step analysis to determine whether to extend the time for such service. See In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001). If good cause is shown, the court must grant an extension; if good cause is not shown, then the court still may grant a discretionary extension. See Efaw v. Williams, 473 F.3d 1038, 1040 (9th Cir. 2007). In deciding whether to grant an extension, a district court "may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." See id. at 1041 (internal quotation and citation omitted). Courts have broad discretion to extend time for service under Rule 4(m). Efaw, 473 F.3d at 1041; see also Henderson v. United States, 517 U.S. 654, 661 (1996) (the 90-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance").

Pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings." Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (D.C. Cir. 1993). Courts in the Ninth Circuit recognize a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Borzeka v. Heckler, 739 F.2d 444, 447 n. 2 (9th Cir. 1984) (defective service of complaint by pro se litigant does not necessarily warrant dismissal)).

Here, defendants received actual notice of the lawsuit and make no showing they would be prejudiced by the granting of an extension of time for plaintiff to effectuate service. The applicable factors weigh in favor of granting plaintiff a discretionary extension of time to effectuate service. As to any further service attempts, plaintiff is cautioned that proper service requires service of a summons together with a complete copy of the operative complaint, including its original attachments.

### B.  "Supplement" to the Complaint (ECF No. 8)

On September 6, 2022, plaintiff filed 183 pages of documents with a cover page titled "Supplemental Evidence" \ "Evidence and Documents" (ECF No. 8.). The court does not normally allow piecemeal supplements to complaints. See Fed. R. Civ. P. 15; Local Rule 220;

Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). This filing is an unauthorized piecemeal amendment to the complaint and the court will disregard it on that basis. If plaintiff seeks to file an amended complaint, including by amending or supplementing the complaint's attachments, exhibits, and/or supporting documents, then plaintiff must comply with Rule 15 of the Federal Rules of Civil Procedure and Local Rule 220.

### IV. Conclusion

In accordance with the above, IT IS HEREBY ORDERED:

1. The hearing on defendant's motion to dismiss set for October 26, 2022 is VACATED.

2. The court disregards plaintiff's "Supplemental Evidence" \ "Evidence and Documents" filed on September 6, 2022 (ECF No. 8).

In addition, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss for insufficient service of process (ECF No. 9) be denied without prejudice and that, sua sponte, plaintiff be granted an extension of time of 30 days from the date of any order adopting these findings and recommendations to effectuate service on the defendants; plaintiff is cautioned that proper service requires service of a summons together with a complete copy of the operative complaint, including its attachments.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be served and filed with the court within 7 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: October 14, 2022

_CAROLYN K. DELANEY_
UNITED STATES MAGISTRATE JUDGE

8.Ringgold22cv836.mtd.serv