UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD RINGGOLD,<br><br>    Plaintiff,<br><br>    v.<br><br>BURGETT, INC., doing business as PIANODISC, et al.,<br><br>    Defendants. | No. 2:22-cv-00836-DAD-CKD PS<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff proceeds pro se with a claim under the Americans with Disabilities Act ("ADA"), a claim under the Fair Housing Act, and state law claims for wrongful termination and disability discrimination. (ECF No. 1, Complaint.) This matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

Defendant, Burgett, Inc., doing business as Pianodisc ("Pianodisc"), has filed a motion to strike plaintiff's amended complaint filed on October 27, 2022, under Rule 12(f) of the Federal Rules of Civil Procedure. In the alternative, Pianodisc moves to dismiss certain claims under Rule 12(b). Plaintiff opposes the motion. Pursuant to Local Rule 230(g), the matter is submitted upon the record and briefs on file. The hearing set for January 11, 2023, will be vacated.

For the reasons set forth below, the undersigned will construe plaintiff's first amended complaint filed on October 27, 2022, as a request for leave to amend, grant that request, and deem

1

the first amended complaint the operative pleading in this action. The undersigned will not strike any portion of the first amended complaint but will recommend that plaintiff's second, third and fourth causes of action be dismissed for failure to state a claim.

**I. Background**

Plaintiff Edward Ringgold initiated this action with a pro se complaint filed on May 18, 2022. (ECF No. 1.) Following plaintiff's initial service attempts, defendants Lisa Burgett, Thomas Lagormasino, and Kirk G. Burgett moved to dismiss under Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process. (ECF No. 9.)

The undersigned issued findings and recommendations on October 14, 2022. (ECF No. 17.)[1] On November 8, 2022, the district judge assigned to this case adopted, in full, the October 14, 2022, findings and recommendations and denied the motion to dismiss for insufficient service of process. (ECF No. 21.) In denying the motion, the court determined plaintiff had not properly effectuated service of process on any defendant under Rule 4 of the Federal Rules of Civil Procedure. Plaintiff was ordered to effectuate service of process on the defendants within 30 days. (ECF Nos. 17, 21.)

On October 27, 2022, plaintiff filed a document styled as a first amended complaint. (ECF No. 19.) Plaintiff did not file a motion to amend the complaint at that time.

Return of service documents filed on October 31, 2022, indicate defendant Pianodisc was served on October 28, 2022. On November 18, 2022, Pianodisc filed the present motion, titled Motion to Strike Plaintiff's Amended Complaint, or in the alternative, to Dismiss the Second through Fourth Causes of Action Pursuant to Federal Rules of Civil Procedure, Rule 12(b)(f)(6) and/or to Strike Pages 28 through 216. (ECF No. 22.) The motion is fully briefed with plaintiff's written opposition and Pianodisc's reply. (ECF Nos. 24, 27.)

////

---

[1] The findings and recommendations cautioned plaintiff as follows: "If plaintiff seeks to file an amended complaint, including by amending or supplementing the complaint's attachments, exhibits, and/or supporting documents, then plaintiff must comply with Rule 15 of the Federal Rules of Civil Procedure and Local Rule 220." (ECF No. 17 at 6.)

On December 5, 2022, plaintiff filed a motion to amend the complaint. (ECF No. 29.) Plaintiff did not notice the motion to amend the complaint for a hearing on the undersigned's motion calendar. See Local Rule 230(b). Defendant filed a written opposition to the motion to amend the complaint and plaintiff filed a reply. (ECF Nos. 32, 33.)

## II. Legal Standards

### A. Amendment of Pleadings

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a plaintiff may amend the complaint once as a matter of course within twenty-one days after serving it or twenty-one days after service of a responsive pleading or motion pursuant to Rule 12(b), (e), or (f). See Fed. R. Civ. P. 15(a). In all other cases, a plaintiff may amend the complaint with defendant's written consent or the court's leave, which should be given freely if justice so requires. Id.

### B. Motion to Strike

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

### C. Motion to Dismiss

Dismissal under Rule 12(b)(6) may be warranted for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

"[R]ecitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a valid claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). A complaint must do more than allege mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In

order to state a valid claim for relief, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim that is plausible on its face has sufficient factual content to allow a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

### III. Discussion

#### A. Motion to Strike

##### 1. Entire Pleading

Pianodisc states plaintiff appears to attempt to amend the original complaint by changing the exhibits attached to his pleading, as opposed to the complaint's allegations themselves. (See ECF No. 22 at 5.) Pianodisc argues plaintiff was not entitled to amend the complaint as a matter of course on October 27, 2022, and instead was required to comply with Rule 15(a)(2) of the Federal Rules of Civil Procedure and either obtain the opposing party's written consent or seek the court's leave. (ECF No. 22 at 4-6.) Pianodisc notes plaintiff did not do so, despite having been specifically instructed by the undersigned to comply with Rule 15 of the Federal Rules of Civil Procedure if seeking to amend the complaint.

Plaintiff responds that he amended the complaint in response to the motion to dismiss for insufficient service of process filed by the individual defendants.[2] (ECF No. 24 at 2.) Plaintiff states he misunderstood the October 14, 2022, findings and recommendations, did not know what it meant to seek leave of court, and mistakenly thought he "was to go ahead and file an amended complaint" and then re-serve it on the defendants. (Id. at 5.)

When plaintiff filed his purported amended complaint on October 27, 2022, more than twenty-one days had elapsed since the individual defendants filed their motion under Rule 12(b)(5) of the Federal Rules of Civil Procedure. Plaintiff did not seek the court's leave or obtain defendants' written consent to amend. Accordingly, plaintiff did not comply with Rule 15 of the

---

[2] The individual defendants' motion to dismiss for insufficient service of process was based, in part, on plaintiff's failure to serve a full copy of the original, operative complaint, including its attachments, on each defendant, and/or the service of extraneous and different documents that were not part of the operative complaint. (See ECF No. 9.)

Federal Rules of Civil Procedure.[3] District courts sometimes grant motions to strike under such circumstances. See Sapiro v. Encompass Ins., 221 F.R.D. 513, 517 (N.D. Cal. 2004). "But many courts have accepted untimely amended pleadings, even when the relevant party did not first obtain judicial permission or the consent of the opposing party." Id. (accepting amended complaint despite failure to abide by Rule 15(a)).

"[R]ule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (citations and quotations omitted). The Supreme Court has instructed lower courts to heed carefully the command of Rule 15. See Foman v. Davis, 371 U.S. 178, 182 (1962). Leave to amend should be "freely given," particularly "[i]n the absence of any apparent or declared reason [to deny amendment]—such as undue delay, bad faith, [a] dilatory motive on the part of the [amending party], ... undue prejudice to the opposing party ..., [or] futility." Foman, 371 U.S. at 182; see also Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("it is the consideration of prejudice that carries the greatest weight").

Here, plaintiff did not follow the applicable rules despite having been cautioned to comply with Rule 15. Plaintiff now states he did not understand Rule 15 and the court's orders. Nothing in the record suggests plaintiff filed the procedurally deficient amended complaint in bad faith, with dilatory motive, or that acceptance of plaintiff's amended complaint will spur undue delay. Pianodisc also does not establish that it will suffer undue prejudice should the court accept the amended complaint.

The undersigned finds no compelling reason to deny leave to amend under Rule 15. See Eminence Capital, 316 F.3d at 1052 (favoring amendment "[a]bsent prejudice, or a strong showing of any of the remaining Foman factors"). In this instance, the undersigned will construe plaintiff's procedurally improper amended complaint as a request for leave to amend, grant that request, and deem the first amended complaint to be the operative pleading in this action. Plaintiff is cautioned, however, that plaintiff shall not file another amended complaint without complying

---

[3] Plaintiff also did not comply with Local Rule 230.

5

with Rule 15. Plaintiff also shall not file further motions without complying with Local Rule 230. Pro se litigants are expected to know and comply with the rules of civil procedure. See American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000).

### 2.  Pages 28-216

In the event the court does not strike the whole pleading, Pianodisc requests the court to strike pages 28-216 of the first amended complaint as "redundant, immaterial, impertinent, or scandalous matter" under Rule 12(f) of the Federal Rules of Civil Procedure. (ECF No. 22 at 9-10.) Pianodisc argues the attachments are improper because the amended complaint does not reference any of the attached documents. (ECF No. 22 at 5.) Pianodisc argues it is prejudiced by the first amended complaint's inclusion of the attachments because the 189 pages of extraneous documents are "factually-rich," as the term was used in U.S. v. Erie County, NY, 724 F.Supp.2d 357, 367 (W.D.N.Y. 2010) ("Erie County"), making it unnecessarily difficult for the defendants to decipher the scope of the allegations under each claim. (Id. at 5-6.)

Plaintiff argues, in response, that the exhibits relate to his causes of action. (ECF No. 24 at 3.) He states his "216 page package is set and designed for trial[.]" (Id.)

The first attachment to the amended complaint is styled as letter to the assigned district judge, which also reads as a declaration by plaintiff. (ECF No. 19 at 29-31.) The letter states plaintiff intends the letter to be "evidence and a summary of the amended complaint with exhibits to "help [plaintiff] further explain his case." (Id. at 29.) The other attachments appear to include various correspondences, Equal Employment Opportunity Commission case documents, investigation documents, and the like. (See id. at 32-216.)

Rule 10(c) states "a copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Nevertheless, a defendant does not have to admit or deny the content of an exhibit, as it must the pleading to which the exhibit is attached. See Fed. R. Civ. P. Rule 8(b) (requiring that a party admit or deny the allegations asserted against it by an opposing party in response to a pleading).

In Erie County, a district court found improper a "factually-rich, 50–page Findings Letter" attached as an exhibit to a complaint because it contained factual allegations of the sort ordinarily

found in the body of a complaint. 724 F. Supp. 2d at 367. In Erie County, the pleading party admitted the attachment was a deliberate pleading tactic to avoid alleging all the facts in the pleading. (Id.) The district court found "[a]lthough this form of pleading arguably provides adequate notice, it makes it unnecessarily difficult for Defendants to decipher the scope of the allegations underlying each claim." (Id.) The district court denied a motion to dismiss brought under Rule 8 and Rule 10 of the Federal Rules of Civil Procedure. (Id.) Nevertheless, in seeking "[t]o strike a balance, and in keeping with the spirit of the rules that defendants receive adequate notice of the claims against them," the district court required the pleading party to file an amended complaint that included the factual allegations it relied on from the Findings Letter.

Erie County did not involve a motion to strike under Rule 12(f). The Ninth Circuit has made clear that Rule 12(f) is not to be used "as a means to dismiss some or all of a pleading[.]" Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974 (9th Cir. 2010). Other courts in this circuit have held a portion of a pleading should not be stricken "unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." Colaprico v. Sun Microsystems, Inc., 758 F. Supp. 1335, 1339 (N.D. Cal. 1991); see also Wilkerson v. Butler, 229 F.R.D. 166, 170 (E.D. Cal. 2005).

A motion to strike material from a pleading is "heavily disfavored." Edwards v. Juan Martinez, Inc., 506 F. Supp. 3d 1061, 1077 (D. Nev. 2020); see also Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000) ("[m]otions to strike… are viewed with disfavor and are infrequently granted"). Reflecting the disfavored nature of a motion to strike, a movant's burden has been described as a "substantial" burden, e.g., Hardy v. Lewis Gale Med. Ctr., LLC, 377 F. Supp. 3d 596, 605 (W.D. Va. 2019), a "demanding" burden, e.g., Home Quest Mortg., LLC v. Am. Family Mut. Ins. Co., 393 F. Supp. 2d 1096, 1099 (D. Kan. 2005), a "heavy" burden, e.g., Sierra Club v. Young Life Campaign, Inc., 176 F. Supp. 2d 1070, 1086 (D. Colo. 2001), a "sizable" burden, e.g., Clark v. Milam, 152 F.R.D. 66, 70 (S.D.W.V. 1993), and a "formidable" burden, e.g., Smith v. Wash. Post Co., 962 F. Supp. 2d 79, 84 (D.D.C. 2013).

Here, Pianodisc asserts the 189 attached pages "do not appear to support the claims in the pleading" (ECF No 22 at 6), but such an allegation fails to show the attachments are of a

7

redundant, immaterial, impertinent, or scandalous nature, within the meaning of Rule 12(f). Pianodisc also argues the attachments, like in Erie County, make it unnecessarily difficult for the defendants to decipher the scope of the allegations under each claim. But Pianodisc does not adequately explain how the attachments are redundant, immaterial, impertinent, or scandalous, such that they should be stricken under Rule 12(f). The text of Rule 12(f) does not identify inadequate notice of the claims or indecipherability of the claims or as a basis for striking material from a pleading. Pianodisc has not met its heavy burden to strike the attachments to the first amended complaint.

### B. Motion to Dismiss

Pianodisc moves to dismiss plaintiff's second cause of action, "Violation of the Fair Housing Act" (ECF No. 19 at ¶¶ 28-31), third cause of action, "Violation of the California Fair Employment and Housing Act" (ECF No. 19 at ¶¶ 32-27), and fourth cause of action, "Violation of Americans with Disabilities" (ECF No. 19 at ¶¶ 38-42), for failure to state a claim upon which relief can be granted. Pianodisc asserts these causes of action are premised on laws that govern either housing relationships or discrimination by public entities, but the first amended complaint does not allege a housing-related relationship among the parties or that Pianodisc is a public entity. (ECF No. 22 at 6-9.)

In opposition to the motion, plaintiff does not contest the lack of allegations about a housing relationship or that Pianodisc is a public entity. Review of the first amended complaint reveals it alleges facts that demonstrate an employment-related relationship among the parties, rather than a housing relationship. (See ECF No. 19 at ¶ 5 [Plaintiff "was at all times relevant hereto an employee of Defendants…"], see also, ¶¶ 8-10 [alleging the individual defendants to be owners of the entity [Pianodisc]]. The undersigned finds no non-conclusory factual allegations plausibly setting forth a housing-related relationship among the parties, and plaintiff points to none.

Plaintiff's second cause of action, alleging a Violation of the Fair Housing Act, is premised on "an injury in violation of 42 U.S.C. § 3604, subdivisions (f)(2) and (f)(3)(b), by discriminating against [plaintiff] by refusing to make reasonable accommodations…." (ECF No.

8

19 at ¶ 29.) Because 42 U.S.C. § 3604 is a statute prohibiting discrimination in the terms, conditions, or privileges of sale or rental of a dwelling, see id. ("Discrimination in the sale or rental of housing and other prohibited practices"), this cause of action lacks a cognizable legal theory and supporting facts to state a claim. See Balistreri, 901 F.2d at 699.

Plaintiff's third cause of action, alleging a Violation of the California Fair Employment and Housing Act, cites California statutes addressing discrimination also in the specific context of housing accommodations. Specifically, plaintiff alleges defendants violated § 12955(f) and § 12955.7 of the California Government Code. (ECF No. 19 at ¶¶ 34, 35.) These provisions pertain to discrimination by "an owner of housing accommodations[.]" See Cal. Gov't Code § 12955(f) (prohibiting discrimination by an "owner of housing accommodations"; § 12955.7 (prohibiting coercion, intimidation, threats, and interference with rights granted or protected by § 12955). Thus, the third cause of action also lacks a cognizable legal theory and supporting facts to state a claim.

Plaintiff's fourth cause of action, alleging a "Violation of Americans with Disabilities," relies on statutes and regulations prohibiting discrimination by public entities. (ECF No. 19 at ¶¶ 39, 40.) Specifically, the first amended complaint alleges discrimination in violation of 42 U.S.C § 12132 (prohibiting discrimination by "a public entity") and 28 C.F.R. § 35.102(a) ("this part applies to all services, programs, and activities provided or made available by public entities"). The first amended complaint does not allege Pianodisc is a public entity. Thus, plaintiffs cause of action under the ADA also lacks a cognizable legal theory and supporting facts to state a claim.

The parties do not address whether leave to amend should be granted. When a motion to dismiss is granted, a district court should provide leave to amend unless it is clear the complaint could not be saved by any amendment. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts." Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). The undersigned cannot conclude that no amendment could save plaintiff's claims under the ADA and/or under the California Fair Housing and Employment Act. Therefore, the undersigned will

recommend to the district judge assigned to this case that plaintiff be given limited leave to amend the complaint for the purpose of repleading the third and fourth grounds for relief. If the district judge adopts that recommendation, then plaintiff may (but is not required to) file a second amended complaint within the time granted by the district judge.

If plaintiff is granted an opportunity to amend, it will not be for the purpose of adding new claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Instead, plaintiff should focus efforts on curing deficiencies of the claims already set forth. An amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

### IV. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. The hearing on defendant's motion to strike, or, in the alternative, to dismiss, previously set for January 11, 2023, is VACATED.

2. Plaintiff's first amended complaint (ECF No. 19) is construed as a request for leave to amend, and so construed, is granted. The first amended complaint is the operative pleading in this action.

3. Pianodisc's motion to strike, or in the alternative, to dismiss (ECF No. 22) is DENIED IN PART, to the extent that the undersigned declines to strike any portion of the first amended complaint.

4. Plaintiff's motion to amend (ECF No. 29) is DENIED as moot.

In addition, IT IS HEREBY RECOMMENDED that:

1. Pianodisc's motion to dismiss plaintiff's second, third, and fourth grounds for relief in the first amended complaint be granted, those causes of action be dismissed, and plaintiff be granted limited leave to amend as set forth below.

2. Plaintiff be granted 30 days from the date of any order adopting these findings and recommendations to file a second amended complaint remedying the defects in the ground for relief brought under the California Fair Employment and Housing Act and the ground for relief

1  brought under the ADA.

2      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: January 3, 2023

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Ringgold22cv836.mot.strike.dism

11