UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD RINGGOLD,<br><br>Plaintiff,<br><br>v.<br><br>BURGETT, INC., doing business as PIANODISC, et al.,<br><br>Defendants. | No. 2:22-cv-00836-DAD-CKD PS<br><br>ORDER<br><br>(ECF Nos. 37, 38) |

Plaintiff Edward Ringgold proceeds pro se with claims against his former employer, Burgett, Inc., doing business as Pianodisc. (ECF No. 19, Operative First Amended Complaint.)[1] Plaintiff has filed a motion styled as a motion to "reject/strike" defendant's answer, or, in the alternative, requesting the court to order that the owners of Burgett, Inc., sign declarations under penalty of perjury as to the answer. (ECF No. 37.) Plaintiff has also filed a copy of a correspondence from plaintiff to defendant's counsel. (ECF No. 38.)

Pursuant to Local Rule 230(g), the court takes the motion to strike under submission on the record and briefs on file. The hearing set for April 5, 2023 is vacated. For the reasons set forth below, the court denies the motion to strike and disregards the correspondence that was filed.

---

[1] Because plaintiff proceeds pro se, this matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

1

## I. Background

The operative first amended complaint was filed on October 27, 2022. (ECF No. 19.) By order dated February 14, 2023, defendant's motion to dismiss was granted and the court dismissed some of the grounds for relief in the first amended complaint with leave to amend. (ECF No. 35.) On March 9, 2023, the court granted plaintiff up to and including May 12, 2023, to file a second amended complaint.

On February 24, 2023, defendant filed an answer to the first amended complaint. (ECF No. 36.) On March 1, 2023, plaintiff filed the present motion requesting to "reject/strike" the answer, or, in the alternative, to require declarations signed under penalty of perjury to support the answer. (ECF No. 37.) Defendant opposed the motion. (ECF No. 42.) Plaintiff filed a reply. (ECF No. 44.)

## II. Legal Standards

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

The Ninth Circuit has made clear that Rule 12(f) is not to be used "as a means to dismiss some or all of a pleading[.]" Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974 (9th Cir. 2010). District courts in this circuit have held a portion of a pleading should not be stricken "unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." Colaprico v. Sun Microsystems, Inc., 758 F. Supp. 1335, 1339 (N.D. Cal. 1991); see also Wilkerson v. Butler, 229 F.R.D. 166, 170 (E.D. Cal. 2005). Courts often require a moving party for a Rule 12(f) motion to make a showing of prejudice. Greene v. Solano Cty. Jail, No. CIV-S-04-0917-WBS-DAD-P, 2004 WL 7334559, at *1 (E.D. Cal. Nov. 15, 2004).

A motion to strike material from a pleading is "heavily disfavored." Edwards v. Juan Martinez, Inc., 506 F. Supp. 3d 1061, 1077 (D. Nev. 2020); see also Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000) ("[m]otions to strike… are viewed with disfavor and are

1  infrequently granted"). The movant's burden has been described as a "substantial" burden, e.g.,
2  Hardy v. Lewis Gale Med. Ctr., LLC, 377 F. Supp. 3d 596, 605 (W.D. Va. 2019), a "demanding"
3  burden, e.g., Home Quest Mortg., LLC v. Am. Family Mut. Ins. Co., 393 F. Supp. 2d 1096, 1099
4  (D. Kan. 2005), a "heavy" burden, e.g., Sierra Club v. Young Life Campaign, Inc., 176 F. Supp.
5  2d 1070, 1086 (D. Colo. 2001), and a "formidable" burden, e.g., Smith v. Wash. Post Co., 962 F.
6  Supp. 2d 79, 84 (D.D.C. 2013).

### III. Discussion

At the outset, the court notes the time for plaintiff to file a second amended complaint has not expired, and plaintiff has sought an extension of time for this purpose.[2] However, the first amended complaint (ECF No. 19) and defendant's answer thereto (ECF No. 36) are, at this time, the operative pleadings in this case. Since the present motion addresses the operative pleadings, the court will address the merits of the motion.

Plaintiff asks the court to strike defendant's answer on the ground that it contains false statements and does not admit parts for which "evidence points to… being true." (ECF No. 37 at 2, 6.) Plaintiff lists specific 22 examples and indicates there are more. (Id. at 2-5.) Plaintiff states he does not believe all three owners of Burgett, Inc., would sign a "penalty of perjury statement" for this answer and states he will withdraw the present motion if they do so. (Id. at 7.) Plaintiff requests the court to "dismiss" the answer, or, in the alternative, order that defendant provide declarations signed under penalty of perjury as to the answer. (Id.)

Defendant argues the court should deny the motion for failing to state with particularity the grounds for seeking the order as required by Rule 7(b)(1) of the Federal Rules of Civil Procedure. (ECF No. 42.) Defendants argue plaintiff fails to cite any authority that requires defendant to verify its answer. (Id.)

The court will liberally construe plaintiff's pro se motion as a motion to strike brought under Rule 12(f) of the Federal Rules of Civil Procedure to the extent it requests to reject, strike,

---

[2] If a second amended complaint becomes the operative pleading in this case, then the first amended complaint and the defendant's answer thereto no longer have any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, if plaintiff had already filed a second amended complaint, then this motion would have become moot.

and dismiss the answer. However, plaintiff's challenge to the factual basis for material in the answer is not a ground for striking the pleading. Absent a finding of bad faith, factual material in a pleading must be tested through the normal mechanisms for adjudicating the merits. PAE Gov't Servs., Inc. v. MPRI, Inc., 514 F.3d 856, 859 n.3 (9th Cir. 2007). Therefore, plaintiff fails to meet the heavy burden to strike defendant's answer based on claims of falsity.

Plaintiff's motion also states "items number 58 and 5 bullet points" should be stricken. (ECF No. 37 at 8.) The motion does not contain further elaboration or argument for this request. Plaintiff does not meet the heavy burden to strike these items from the pleading.

Finally, defendants are correct that "[u]nless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit." Fed. R. Civ. P. 11. Plaintiff cites no authority for requiring verification of defendant's answer. The court denies the request.

**IV. Plaintiff's "Request of Invoice Information…"**

On March 1, 2023, plaintiff filed a copy of a correspondence from plaintiff to defendant's counsel. (ECF No. 38.) The court informs plaintiff that correspondence between the parties is not to be filed with the court unless submitted in support of a specific pleading, motion, opposition, or other filing described in Rule 7 of the Federal Rules of Civil Procedure. The court will disregard this document.

**V. Conclusion**

In accordance with the above, IT IS HEREBY ORDERED:

1. The April 5, 2023 hearing on plaintiff's motion to strike defendant's answer, or, in the alternative, to obtain verification, is VACATED.

2. Plaintiff's motion to strike, or in the alternative, to obtain verification (ECF No. 37) is DENIED.

3. The court DISREGARDS the correspondence filed on March 1, 2023. (ECF No. 38.)

Dated:  March 28, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Ringgold22cv836.12(f)answ