UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD RINGGOLD,<br><br>Plaintiff,<br><br>v.<br><br>BURGETT, INC., doing business as PIANODISC, et al.,<br><br>Defendants. | No. 2:22-cv-00836-DAD-CKD PS<br><br><br>ORDER<br><br>(ECF No. 46) |

Plaintiff Edward Ringgold proceeds pro se with claims against his former employer, Burgett, Inc., doing business as Pianodisc. (ECF No. 19, Operative First Amended Complaint.)[1] On March 28, 2023, the undersigned denied plaintiff's motion to strike defendant's answer, or, in the alternative, to require verification with declarations by the owners of Burgett, Inc. (ECF No. 45.) In the present motion, plaintiff seeks reconsideration of the denial of the alternate request for relief requiring declarations signed under penalty of perjury for defendant's answer. (ECF No. 46.) Pursuant to Local Rule 230(g), the court takes the motion under submission on the record and briefs on file. The hearing set for May 10, 2023, is vacated. For the reasons set forth below, the motion for reconsideration is denied.

---

[1] Because plaintiff proceeds pro se, this matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

1

"Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit." Fed. R. Civ. P. 11(a). As support for the requested relief, plaintiff cites section 446 of the California Code of Civil Procedure, which states "[w]hen the complaint is verified, the answer shall be verified." Cal. Civ. Proc. Code § 446.

State procedural rules requiring that pleadings be verified do not apply to defendants' answers filed in federal court. Curry v. New York City Police Dep't, 726 F. Supp. 2d 258, 260 (S.D.N.Y. 2010) ("To the extent [the state code of civil procedure] sets forth rules of procedure, such as the verification of pleadings, it is not applicable in federal court."); see also Fed. R. Civ. P. 11, Advisory Committee Note (1937 Adoption) (listing provisions of the United States Code and federal rules pursuant to which Rule 11 requires that a pleading be verified or accompanied by an affidavit). The procedure regarding verification of pleadings is governed by Rule 11, which explicitly does not require that pleadings be verified. Curry, 726 F. Supp. 2d at 260; see also Est. of Prasad ex rel. Prasad v. Cnty. of Sutter, 958 F. Supp. 2d 1101, 1121 (E.D. Cal. 2013) (explaining that when the plain meaning of a federal rule conflicts with the California Code of Civil Procedure, the latter is "inapplicable in federal court").

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (ECF No. 46) is DENIED.

Dated:  April 28, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Ringgold22cv836.r11