UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD RINGGOLD,<br><br>Plaintiff,<br><br>v.<br><br>BURGETT, INC., doing business as PIANODISC, et al.,<br><br>Defendants. | No. 2:22-cv-00836-DAD-CKD PS<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Edward Ringgold proceeds pro se in this civil action with claims against his former employer, Burgett, Inc., doing business as Pianodisc.[1] This action proceeds on claim one and claims five through fifteen in plaintiff's first amended complaint. (See ECF No. 19, First Amended Complaint.)

In two motions presently before the court, plaintiff seeks to have a trial date set within 90-120 days and seeks "timely responses from defendant." (ECF Nos. 52, 53.) The parties appeared via videoconference for a hearing on July 19, 2023. Attorney Arielle Rediger appeared on behalf of defendant and Mr. Ringgold appeared pro se. For the reasons set forth below, the court will deny plaintiff's motion for a trial date and motion for timely responses from defendant. Sua

---

[1] Because plaintiff proceeds pro se, this matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

1

sponte, the court examines its own jurisdiction and finds this action belongs in state court. Accordingly, it is recommended that this case be dismissed so plaintiff can re-file the remaining claims in state court.

**I.      Background**

Plaintiff initiated this action with a pro se complaint filed on May 18, 2022, naming Pianodisc, Lisa Burgett, Thomas Lagormasino, and Kirk G. Burgett as defendants, and asserting a claim under the Americans with Disabilities Act, a claim the Fair Housing and Employment Act, wrongful termination, and several other related state law claims. (See ECF No. 1.) On November 8, 2022, the court found that service of process had not been effectuated on any defendant. The court granted the defendants' motion to dismiss the complaint under Rule 12(b)(5) of the Federal Rules of Civil Procedure. (See ECF Nos. 9, 21.)

The operative first amended complaint was filed on October 27, 2022. (ECF No. 19.) On November 18, 2023, defendant Pianodisc (hereinafter "defendant"), moved to strike the complaint, or, in the alternative, to dismiss grounds two, three, and four in the first amended complaint. (ECF No. 22.) By order dated February 14, 2023, the court granted the motion in part and dismissed ground two ["Fair Housing Act"], ground three ["California Fair Employment and Housing Act"], and ground four ["Americans with Disabilities Act"] in the first amended complaint, with leave to amend. (ECF No. 35.) Defendant answered the first amended complaint on February 24, 2023. (ECF No. 36.)

On March 1, 2023, plaintiff moved to "reject/strike" the answer filed by defendant, or, in the alternative, to require declarations signed under penalty of perjury to support the answer. (ECF No. 37.) The court denied the motion to "reject/strike" defendant's answer and then denied plaintiff's motion for reconsideration. (ECF No. 45, 49.)

On March 9, 2023, the court granted plaintiff up to and including May 12, 2023, to file a second amended complaint. (ECF No. 41.) On May 9, 2023, the court granted plaintiff up to and including July 11, 2023, to file a second amended complaint. (ECF No. 51.)

Plaintiff filed the motions presently before the court on June 13, 2023. (ECF Nos. 52, 53.) In the motion for timely responses, plaintiff seeks a court order because plaintiff believes

communication from defense counsel has been "lack luster" and plaintiff is concerned about communication during the discovery process, which has not yet commenced. (ECF No. 53.) In the motion to set a trial date, plaintiff asks that a trial date be set on the earliest possible date and that this case be given priority designation and expedited. (ECF No. 52.) The motions are fully briefed with opposition by defendant and replies by plaintiff. (ECF Nos. 55-58.)

On July 10, 2023, plaintiff filed a notice styled as a notice of withdrawal of prior motions regarding the filing of a second amended complaint. (ECF No. 59.) Plaintiff's notice indicates he wishes to proceed on the remaining claims in the operative first amended complaint and does not intend to file a second amended complaint. (See id.)

On July 19, 2023, the parties appeared via videoconference for a hearing on plaintiff's pending motions. At the hearing, the court and the parties discussed the procedural posture of this case and typical timelines for civil cases in this court.

The court and the parties also discussed the court's duty to examine its own jurisdiction. The court informed the parties it appeared no federal claims remain in the first amended complaint and that all remaining claims are state law claims. The court indicated this matter may belong in state court in the absence of any federal claims. At the hearing, plaintiff indicated he understood and that he still did not intend to file a second amended complaint.

**II.     Subject Matter Jurisdiction**

Before reaching the merits of plaintiff's pending motions, the court examines its own jurisdiction and considers whether the court should exercise supplemental jurisdiction over plaintiff's state law claims. Federal courts are of limited jurisdiction and are presumptively without jurisdiction over civil actions, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); see Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

////

Plaintiff's remaining claims pleaded in the first amended complaint are as follows:

<u>First Cause of Action</u>: Wrongful Termination in Violation of Public Policy

<u>Fifth Cause of Action</u>: Disability Discrimination (Cal. Gov't Code § 12940, et seq.)

<u>Sixth Cause of Action</u>: Disability Harassment (Cal. Gov't Code § 12940(j) & (k))

<u>Seventh Cause of Action</u>: Failure to Accommodate (Cal. Gov't Code § 12940(m)

<u>Eighth Cause of Action</u>: Failure to Engage in Interactive Process (Cal. Gov't Code § 12940(n))

<u>Ninth Cause of Action</u>: Retaliation (Cal. Gov't Code § 12940(h))

<u>Tenth Cause of Action</u>: Failure to Prevent, Investigate, and/or Remedy Unlawful Harassment, Discrimination, and Retaliation (Cal. Gov't Code § 12940(j) & (k)

<u>Eleventh Cause of Action</u>: Retaliation in Violation of Public Policy and California Labor Code § 1102.5

<u>Twelfth Cause of Action</u>: Failure to Maintain and Furnish Accurate Wage Statements in Violation of California Labor Code §§ 226, 1174, and IWC Wage Orders

<u>Thirteenth Cause of Action</u>: Intentional Infliction of Emotional Distress

<u>Fourteenth Cause of Action</u>: Unfair Business Practices

<u>Fifteenth Cause of Action</u>: Declaratory Relief.

(<u>See</u> ECF No. 19.)

Because the federal claims in this case have been eliminated, the exercise of supplemental jurisdiction over plaintiff's remaining state law claims is discretionary. <u>Carlsbad Tech. Inc. v. HIF Bio, Inc.</u>, 556 U.S. 635, 640 (2009) (statutory supplemental jurisdiction over state law claims may be exercised at court's discretion after dismissal of federal claims); 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction where all claims over which it had original jurisdiction are dismissed). The court's decision whether to exercise supplemental jurisdiction should be informed by "values of economy, convenience, fairness, and comity." <u>Acri v. Varian Assocs., Inc.</u>, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (citations and internal quotation marks omitted).

////

The primary responsibility for developing and applying state law rests with the state courts. Therefore, when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 & n.7 (1988) (citation omitted); Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994) ("'[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors... will point toward declining to exercise jurisdiction over the remaining state law claims.'" (emphasis and alteration in original) (quoting Schneider v. TRW, Inc., 938 F.2d 986, 993 (9th Cir. 1991)).

The general rule that the court should decline to exercise supplemental jurisdiction in the absence of a cognizable federal claim is appropriately followed here. This court has not conducted any substantive proceedings regarding the remaining claims and a scheduling order has not issued. The values of economy, convenience, fairness, and comity are all best served by plaintiff's state law claims proceeding in state court. No relevant factors weigh in favor of this court's exercise of supplemental jurisdiction.

### III. Conclusion, Order, and Recommendation

Because plaintiff has not stated a cognizable federal claim, this court should decline to exercise supplemental jurisdiction over any state law claim. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."). The court will deny plaintiff's pending motions as moot, or, in the alternative, for lack of merit. Plaintiff may re-file his remaining claims in state court.

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to set a trial date (ECF No. 52) is denied.
2. Plaintiff's motion for "timely responses from defendant" (ECF No. 53) is denied.

////
////
////
////

In addition, IT IS HEREBY RECOMMENDED as follows:

1. The court decline to exercise supplemental jurisdiction over plaintiff's claims arising under state law.

2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: July 20, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Ringgold22cv836.2ac.fr